SHAMANSKY, Appellant and Cross–Appellee,

v.

MASSACHUSETTS FINANCIAL SERVICES COMPANY
et al., Appellees and Cross–Appellants.

[Cite as *Shamansky v. Massachusetts Fin. Serv. Co.* (1998), 127 Ohio App.3d 400.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APE08–1037.

Decided April 28, 1998.

*Gertner & Gertner* and *Michael H. Gertner; Fort & Schlefer, L.L.P.,* and *T.S.L. Perlman,* for appellant and cross-appellee.

*Porter, Wright, Morris & Arthur, Thomas O. Gorman* and *David P. Shouvlin,* for appellees and cross-appellants.

LAZARUS, Judge.

Plaintiff-appellant and cross-appellee, Robert N. Shamansky, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his complaint for failure to state a claim upon which relief can be granted. For the reasons that follow, we affirm.

According to the complaint, appellant is a shareholder in defendant-appellee and cross-appellant Massachusetts Investors Growth Stock Fund. Defendant-appellee and cross-appellant Massachusetts Financial Services Company ("MFS") manages the fund, and defendant-appellee and cross-appellant MFS Servicing Center, Inc., a wholly owned subsidiary of MFS, is the dividend disbursing agency for MFS funds.

On October 11, 1989, appellant became entitled to a dividend of $65.58 from the fund. The fund issued, and MFS mailed, appellant a check, but the check was not delivered to appellant. Appellant continued to receive mail, including subsequent checks from MFS, but appellees made no effort to notify appellant of the existence of the uncashed check until March 1995.

On March 15, 1995, MFS informed appellant by mail that a check payable to him had not been cashed. Appellant requested the sum of his dividend plus interest from October 11, 1989. MFS paid appellant the principal sum but refused to pay any interest.

Appellant filed suit on behalf of himself and other persons similarly situated, alleging negligence and breach of an implied contract. Appellees filed a motion to dismiss asserting three grounds: (1) the trial court lacked jurisdiction under Ohio's long-arm statute, R.C. 2307.382; (2) the claim was barred by the statute of limitations; and (3) appellant had failed to state a claim upon which relief can be granted. Attached to the motion to dismiss were an affidavit and a number of exhibits. On July 14, 1997, the trial court issued a decision and entry finding that jurisdiction was proper and that the claim was not barred by the statute of limitations. However, the court held that appellant had failed to state a claim.

On appeal, appellant asserts the following assignments of error:

"1. The Court of Common Pleas erred in holding as a matter of law that defendants exercised ordinary care in carrying out the obligation they assumed to deliver dividend payments by mail.

"2. The Court of Common Pleas erred in holding as a matter of law that defendants discharged their obligation to exercise reasonable care in delivering a dividend payment check by mail merely by mailing, taking no action to inform plaintiff that the check was uncashed, while knowing the check was uncashed, knowing plaintiff's whereabouts, and engaging in a continual course of correspondence with and mailing of other checks to plaintiff.

"3. The Court of Common Pleas erred in holding as a matter of law that defendants were not negligent in carrying out their undertaking to mail dividend checks when defendants failed to inform plaintiff in any of their many mailings to him over 5–1/2 years that they held an unpaid check for him but did so inform plaintiff when faced with a deadline under Ohio Escheat law.

"4. The Court of Common Pleas erred in holding that a prospectus issued by defendants contractually relieved defendants of the responsibility of informing plaintiff that they held the proceeds of his uncashed check that had been mailed to him but not received by him.

"5. The Court of Common Pleas erred in granting a motion under Civil Rule 12(B)(6)to dismiss the complaint on the basis of matter outside the pleadings (*viz.*, a prospectus quoted in the Court's decision).

"6. The Court of Common Pleas erred in granting the motion to dismiss the complaint for failure to state a claim on which relief can be granted."

Appellees have brought a conditional cross-appeal, asserting the following cross-assignments of error:

"1. The Court of Common Pleas erred in holding that it had personal jurisdiction over the Defendants based on Ohio's long-arm statute.

"2. The Court of Common Pleas erred in holding that its taking of personal jurisdiction over the Defendants did not violate the due process clause of the Fourteenth Amendment of the United States Constitution.

"3. The Court of Common Pleas erred in holding that plaintiff's claim is not barred by the statute of limitations."

Also before us is a motion to dismiss the cross-appeal on the grounds that the cross-appeal is unnecessary because appellees are seeking to support the judgment below, not to reverse or modify it.

As a threshold matter, we address appellant's fourth and fifth assignments of error. Appellant asserts that in ruling on the motion to dismiss, the

trial court improperly relied upon matters or evidence outside the pleadings. A motion to dismiss pursuant to Civ.R. 12(B)(6) tests the sufficiency of the complaint. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 94, 95, 647 N.E.2d 788, 790–791, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378, 380–381. In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. For purposes of the motion, the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 532 N.E.2d 753. The movant may not rely on allegations or evidence outside the complaint. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 94, at 96, 647 N.E.2d 788, at 791, quoting *State ex rel. Hanson,* 65 Ohio St.3d at 548, 605 N.E.2d at 380–381. Matters outside the pleading are permissible only if the court treats the motion to dismiss as a motion for summary judgment. Civ.R. 12(B); *State ex rel. Scanlon v. Deters* (1989), 45 Ohio St.3d 376, 377, 544 N.E.2d 680, 681–682.

Here, the trial court considered a prospectus submitted by appellees and found that under the language of the prospectus, the fund assumed no responsibility for tracking down uncashed checks. In doing so, the trial court improperly relied on matters outside the pleadings. Any error in this regard, however, is harmless, because, as discussed below, we find that even absent consideration of the prospectus, appellant's complaint should have been dismissed as a matter of law. See *McGlone v. Grimshaw* (1993), 86 Ohio App.3d 279, 285, 620 N.E.2d 935, 938–939 (appellate review of a ruling on a Civ.R. 12[B][6] motion presents a question of law to be decided independently of the trial court's determination). The fourth and fifth assignments of error are not well taken.

■ Assignments of error one through three are subsumed by the sixth assignment of error, *i.e.,* whether appellant has stated a claim upon which relief can be granted. Appellant alleged in his complaint that MFS's failure to notify him ·of the undelivered check constituted negligence in that appellees failed to exercise "that measure of due care that should reasonably have been exercised by persons in defendants' position in the conduct of the Fund's business with its shareholders." Under this negligence theory, appellant claims that MFS breached a duty to notify him of undelivered moneys.

Appellant also alleged that the failure to notify him "constituted a breach of a contract between the Fund and its shareholders whereby the Fund impliedly agreed and agrees to exercise due diligence and reasonable care in causing

moneys to which the shareholders may become entitled upon the Fund's declaration of dividends and other distributions to be delivered to the shareholders." *Id.* Under this theory of breach of an implied contract, appellant claims that appellees breached a duty to cause dividends to be delivered to shareholders.

Appellant further claims that appellees, as parties to an implied contract with their shareholders, were under a duty to exercise care, skill, expedience, and diligence in mailing dividend checks to shareholders. Nothing in the complaint alleges that appellees failed to exercise ordinary care in mailing the check. The complaint specifically alleges that appellees mailed the check. Therefore, appellant has not stated a claim that appellees breached a duty of ordinary care in mailing the dividend check. Nor has appellant stated a claim that appellees breached a duty to pay the dividend, as the dividend was eventually paid. Rather, appellant's claim is for interest on the amount of the dividend from the date he was first entitled to the dividend until the principal sum was paid.

Having conceded in the complaint that appellees fulfilled their obligation to pay dividends and to mail dividends, appellant argues that appellees were under a legal duty to protect him against the event that allegedly did occur: the nondelivery of his check. Appellant claims that after appellees discharged their obligation to mail the dividend check, appellees had the additional legal duty (1) to determine whether the check had been cashed and (2) to follow up on the uncashed check and notify the shareholder that his check had not been cashed. Under this theory, appellant claims that if the postal service fails to deliver a dividend check, appellees are legally obligated to pay interest on the unpaid amount unless they notify him of the uncashed check. Appellant has not directed this court to any legal authority that imposes a duty to ensure delivery.

Appellant claims that the duty that was breached was a duty to exercise ordinary care. Appellant cites a number of cases for the proposition that accompanying every contract is a common-law duty that the parties perform their obligations with care, skill, reasonable expedience, and faithfulness and that negligent failure to do so is both a tort and a breach of contract. *E.g., Hunsicker v. Buckeye Union Cas. Co.* (1953), 95 Ohio App. 241, 118 N.E.2d 922. In *Speroff v. First–Cent. Trust Co.* (1948), 149 Ohio St. 415, 79 N.E.2d 119, the plaintiff had issued a check and ordered the bank to stop payment the next day. However, nearly a month later, the bank paid the check. The court held that there was a legal duty for a bank to act in good faith and exercise reasonable care not to pay a check after receiving a stop-payment order. The bank alleged that it had exercised good faith and reasonable care with respect to the stop-payment order. Thus, a triable issue existed as to whether the bank exercised reasonable care in its handling of the stop-payment order, and the case was remanded for trial on that issue.

This case does not, however, support the proposition that appellees were under a legal duty .to protect appellant against the event that occurred here. The complaint alleges that failure to notify appellant of an uncashed check was a breach of a general duty to perform with reasonable care. This theory presumes that a duty to notify shareholders of uncashed checks already exists. If such a duty exists, then under the cases cited by appellant, appellees would be obligated to discharge this duty with reasonable care. Appellant cannot, however, avail himself of the common-law duty to perform with reasonable care until he can first establish that appellees had a duty to notify shareholders of uncashed dividend checks. Appellant has not identified any authority that imposes such a duty, and in the absence of any such authority, we are unwilling to expand the scope of appellees' liability. Appellant has failed to state a claim upon which relief can be granted and, accordingly, the first, second, third, and sixth assignments of error are not well taken.

Based on the foregoing, appellant's six assignments of error are overruled, and appellees' conditional cross-appeal regarding the statute of limitations and long-arm jurisdiction is rendered moot, as is appellant's pending motion to dismiss the conditional cross-appeal. The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DESHLER, P.J., and PEGGY BRYANT, J., concur.