OPINION
On January 19, 2000, Steven R. Keller, Federal Public Defender for the Southern District of Ohio, the Ohio Civil Rights Coalition, Copwatch, and the Columbus Employment Lawyers Association filed a complaint in the Franklin County Court of Common Pleas against the City of Columbus and James G. Jackson, in his official capacity as Chief of the Columbus Division of Police (collectively referred to as "city"). The plaintiffs averred, in essence, that the city was in violation of the Ohio Public Records Act and/or the rules of the city records commission by including in the collective bargaining agreement and negotiations thereof between the city and the Fraternal Order of Police, Capital City Lodge No. 9 ("FOP") provisions relating to the disposal of public records. On February 1, 2000, the FOP filed a motion to intervene.
On February 28, 2000, the city filed a motion to dismiss pursuant to Civ.R. 12(B)(6). The plaintiffs filed a memorandum contra. On April 12, 2000, the plaintiffs filed an amended complaint (which the trial court subsequently granted leave to file instanter) adding a petition for a writ of mandamus. The plaintiffs alleged that a request for public records had been made and that the city, pursuant to the terms of the FOP collective bargaining agreement, had failed and refused to produce all of the records requested.
On November 30, 2000, the trial court granted the FOP's motion to intervene. In addition, pursuant to the Supreme Court of Ohio's recent decision in State ex rel. Dispatch Printing Co. v. Columbus (2000),90 Ohio St.3d 39, the trial court "resolved" the mandamus petition and ordered the defendants to comply with the public records request.
Thereafter, both the city and the FOP filed motions to dismiss the amended complaint, incorporating any previous arguments. The city and the FOP contended, in part, that if a public body violated public records law, such law provides for certain remedies, none of which permitted interference with collective bargaining rights and negotiations. The plaintiffs filed memoranda contra the motions to dismiss.
On August 7, 2001, the trial court rendered a decision granting the city's and the FOP's motions to dismiss. A judgment entry was journalized on August 15, 2001.
The plaintiffs (hereinafter "appellants") have appealed to this court, assigning two errors for our consideration:
 1. The trial court committed reversible error in concluding that the collective bargaining agreement between the City and FOP calls for destruction of police personnel records pursuant to the rules promulgated by the City's Records Commission and the Public Records Act, where the factual allegations contained in the first amended complaint are that the contract terms are in conflict with the Records Retention Schedule.
 2. The trial court committed reversible error in concluding that only when and if (1) the City and FOP proceed to destroy public records at the expiration of the retention period, or (2) when or if the CRC personnel record retention schedule is changed, may appellants conceivably have a viable claim for violation of R.C. 149.351, where the amended complaint alleges that the negotiations and enforcement of the FOP contract threaten the destruction of public records, in violation of the Public Records Act, and where the overwhelming case law holds that public records destruction is not a proper subject of private contracts.
Appellants' assignments of error are interrelated and, therefore, will be addressed together. In essence, appellants contend the trial court erred in granting the motions to dismiss. A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of the complaint. State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 94, 95. In reviewing a motion to dismiss, the court must take all material allegations in the complaint as admitted and construe all reasonable inferences in favor of the nonmoving party. Id. In order to grant a motion to dismiss, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him or her to recovery. Id., citing O'Brien v. Univ. Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242, syllabus.
Initially, we note that the trial court considered evidence beyond the allegations set forth in the complaint. Specifically, the trial court considered the collective bargaining agreement between the city and the FOP (hereinafter collectively referred to as "appellees") and the city's records retention schedule. The trial court concluded that in terms of retention periods, the collective bargaining agreement "mirrors" the city's records retention schedule. (Trial court decision at 5.) A trial court errs when it considers matters or evidence outside the pleadings in ruling on a motion to dismiss unless, upon notice to the parties, the motion is converted into a motion for summary judgment. Boggs at 96; Estate of Sherman v. Millhon (1995), 104 Ohio App.3d 614, 617. However, an error in this regard may be considered harmless if absent consideration of the outside materials, dismissal was still proper. See Shamansky v. Massachusetts Fin. Serv. Co. (1998), 127 Ohio App.3d 400,404, discretionary appeal not allowed in (1998), 83 Ohio St.3d 1435.
This court reviews the merits of a motion to dismiss independently from the trial court's decision. Crestmont Cleveland Partnership v. Dept. of Health (2000), 139 Ohio App.3d 928, 936, discretionary appeal not allowed in (2001), 91 Ohio St.3d 1419 . In our review of appellees' motions to dismiss, this court does not consider the FOP collective bargaining agreement or the city's records retention schedule. Rather, we consider only the allegations set forth in the complaint and construe any reasonable inferences therein in favor of appellants. For the reasons that follow, we determine that the trial court correctly dismissed some of appellants' claims but that dismissal was inappropriate as to one of appellants' claims and the relief requested thereunder. Further, as to this claim, the trial court committed reversible error in considering matters outside the complaint.
First, we examine the amended complaint in order to discern the allegations and claims set forth therein. The amended complaint states, in pertinent part:
 1. This is an action for injunctive and declaratory relief * * * to enjoin the City from continuing to unlawfully negotiate with the * * * FOP, concerning the City's disposition of public records under the Ohio Public Records Act. The action stems from the current contract negotiations between the City and the FOP in which, based on information and belief, the City and the FOP are attempting to subvert the City's duties under Ohio's public records laws by a contractual provision incorporated in the collective bargaining agreement which would unlawfully limit the discretion of the City Records Commission to determine records retention schedules for the Division of Police. Upon information and belief, the City and the FOP are also attempting to negotiate provisions which require the destruction and removal of "member identifiable information" from public records, in violation of the Public Records Act. This action arises under the common law of Ohio and Revised Code §§ 149.351, 149.39, and 149.43.
* * *
 13. The contract between the City and the FOP expired on December 11, 1999, and, based upon information and belief, the parties are negotiating the terms of a new contract.
 14. Under Sections 10.10 and 10.11 of the FOP contract which just expired, the City and the FOP agreed to the destruction of personnel records and "member identifiable information" regarding FOP members in violation of the Ohio Public Records Act and the City Records Commission's duties and responsibilities.
 15. For example, Section 10.11 requires the removal of "member identifiable information" from the electronic database of disciplinary action against police officers.
 16. The City's Records Retention Schedule, however, does not provide any schedule for destruction or removal of such information.
 17. The removal of "member identifiable information" from the electronic database would render the database unusable.
 18. Section 10.10 calls for the destruction and removal of personnel records, however, under the Ohio Public Records Act and the Columbus City Code, no destruction of records can be accomplished without the approval of the State Auditor.
* * *
 22. Pursuant to the contract, the FOP has pursued grievances concerning the removal, destruction and/or maintenance of division records. * * * Such arbitrations are conducted in secret and without public participation. As a result, arbitrators have made rulings contrary to the public interest and the Ohio Public Records Act without the public having any opportunity to prevent the unlawful results of such arbitrations for lack of notice o[r] knowledge.
 23. The City as an employer, subject to Ohio's collective bargaining laws, is not able to represent fully the interest of the public concerning public records. In fact, the City has multiple conflicting roles as to public records, often sharing an interest with the FOP in preventing full public access to records which may embarrass public officials or reveal misconduct. * * *
* * *
 25. Based upon information and belief, it is the intention of the City and FOP to negotiate provisions governing the disposal, removal and/or alteration of division records in the upcoming contract.
* * *
 30. Unless enjoined, the defendants-respondents may destroy public records in violation of the law and deny the public notice and an opportunity to address grievances affecting the continued availability of the records of the Columbus Division of Police.
* * *
FIRST CLAIM FOR RELIEF
* * *
33. The actions of the City violate R.C. § 149.351.
SECOND CLAIM FOR RELIEF
* * *
35. The actions of the City violate R.C. § 149. 39.
THIRD CLAIM FOR RELIEF
* * *
37. The actions of the City violate R.C. § 149.43.
The complaint also set forth a mandamus claim and requested a writ compelling appellees to furnish appellants with the requested records. As indicated above, the writ was granted, and appellants obtained the requested records. Hence, the only claims remaining were the claims set forth above. Key to our decision in this matter is the relief requested by appellants as to the claims under R.C. 149.351 and 149.39. The amended complaint sets forth the following prayer for relief:
 WHEREFORE, the plaintiffs-relators pray for the following:
 a. A preliminary and permanent order enjoining the defendant from continuing negotiations relating to public records retention schedules and/or the destruction of public records in the collective bargaining agreement between the City and its police force; or
 b. In the alternative, plaintiffs-relators pray for a preliminary and permanent order enjoining the defendants-respondents from execution of and/or enforcing any provision in a collective bargaining agreement between the City and the FOP concerning record retention schedules and/or removal, expungement and/or destruction of records and information contrary to law, and awarding the costs of this action including reasonable attorney fees; and
 c. An order requiring that the defendants-respondent be required to notify the plaintiffs-relators of the filing of any grievance directed at, concerning or involving a request for the removal, alteration and/or destruction of any records; and
 d. A judgment declaring the provisions in the current collective bargaining agreement and any future agreement concerning records retention schedules and removal and/or destruction of records unlawful and unenforceable * * *[.]
Appellees contend the amended complaint fails to state claims for violations of the Ohio Public Records Act. The city contends appellants have turned this case into one involving labor negotiations and contracts when it is actually a public records case. The city asserts that the statutes appellants allege were violated provide the available remedies. If the government fails its duties under such statutes, then the remedies include orders requiring compliance with the law, orders requiring disclosure of records, fines and/or attorney fees. The city contends that none of these remedies allow appellants to become third parties to the labor negotiations between appellees.
The FOP asserts, among other things, that the trial court lacked subject-matter jurisdiction over appellants' claims because the State Employment Relations Board, by virtue of R.C. Chapter 4117, has exclusive jurisdiction over claims involving collective bargaining rights and practices.
Appellants assert that this action is about appellees' attempt to privately control public records and that under Supreme Court case law, the handling of public records is not a proper subject matter for collective bargaining agreements and negotiations. Appellants contend the collective bargaining agreement at issue here calls for the destruction of records in violation of the public records law. However, we note that appellants do not contend that records actually have been destroyed or otherwise disposed of unlawfully. Rather, appellants contend that the ongoing private negotiations between appellees for the inclusion in the collective bargaining agreement of provisions relating to the destruction of public records constitute the threat of destruction of public records in violation of public records laws. In addition, appellants assert that appellees' actions unlawfully limit the city records commission's discretion in regard to the handling of public records. Appellants contend that as long as there are provisions in collective bargaining agreements that require the destruction of public records, the public will lose its ability to enforce Ohio's public records laws.
We begin our analysis of whether appellants have stated claims by looking at the statutes at issue.[1] Appellants contend appellees have violated R.C. 149.39, which states:
 There is hereby created in each municipal corporation a records commission * * *.
 The functions of the commission shall be to provide rules for retention and disposal of records of the municipal corporation and to review applications for one-time records disposal and schedules of records retention and disposition submitted by municipal offices. Records may be disposed of by the commission pursuant to the procedure outlined in this section. The commission may at any time review any schedule it has previously approved, and for good cause shown may revise that schedule.
 When municipal records have been approved for disposal, a list of such records shall be sent to the auditor of state. If he disapproves of the action by the municipal commission, in whole or in part, he shall so inform the commission within a period of sixty days and these records shall not be destroyed. Before public records are disposed of, the Ohio historical society shall be informed and given the opportunity for a period of sixty days to select for its custody such public records as it considers to be of continuing historical value.
Appellants also allege that appellees have violated R.C. 149.351, which states:
 (A) All records are the property of the public office concerned and shall not be removed, destroyed, mutilated, transferred, or otherwise damaged or disposed of, in whole or in part, except as provided by law or under the rules adopted by the records commissions * * *.
 (B) Any person who is aggrieved by the removal, destruction, mutilation, or transfer of, or by other damage to or disposition of a record in violation of division (A) of this section, or by the threat of such removal, destruction, mutilation, transfer, or other damage to or disposition of such a record, may commence either or both of the following in the court of common pleas of the county in which division (A) of this section allegedly was violated or is threatened to be violated:
 (1) A civil action for injunctive relief to compel compliance with division (A) of this section, and to obtain an award of the reasonable attorney's fees incurred by the person in the civil action;
 (2) A civil action to recover a forfeiture in the amount of one thousand dollars for each violation, and to obtain an award of the reasonable attorney's fees incurred by the person in the civil action. [Emphasis added.]
We note that R.C. 149.39 does not itself provide a cause of action for any alleged violation of such section. Rather, R.C. 149.351 is the vehicle under which appellants may bring an action for the violations alleged here. It is this section that we focus on in determining whether appellants' amended complaint has stated any claim upon which relief may be granted.
R.C. 149.351, in essence, provides for a cause of action to compel a public office to comply with the laws and/or rules governing the destruction or disposition of public records. Such cause of action is available not only when there has been actual destruction of a public record in violation of the law and/or rules but when there is the threat of such destruction. Considering all of the material allegations in the complaint as admitted and construing all reasonable inferences in favor of appellants, we conclude that appellants have stated a claim under R.C. 149.351, but only to the extent appellants have demanded compliance by the city with the public records laws and/or commission rules. To the extent appellants have requested orders relating to the collective bargaining agreement, future collective bargaining agreements and the negotiations relating thereto, appellants have not stated a claim, and the trial court properly granted appellees' motions to dismiss in this regard.
In their amended complaint, appellants averred that appellees had agreed in the collective bargaining agreement to the destruction of public records in violation of the public records laws and commission rules. This is a legal conclusion that, in and of itself, we do not accept as admitted. See State ex rel. Seikbert v. Wilkinson (1994),69 Ohio St.3d 489, 490. However, the amended complaint goes on to aver that the collective bargaining agreement requires the removal of certain information from public records even though the commission rules do not provide for the destruction of such information. The complaint avers that unless enjoined, the city may destroy public records in violation of the law. Indeed, the complaint averred that appellants had attempted to obtain such information but had been denied access to certain information even though it still existed. Appellants averred that access to such information was denied because under the collective bargaining agreement, such records should have been destroyed after three years.
As part of their prayer for relief, appellants requested an order enjoining appellees from executing and/or enforcing any provision in the collective bargaining agreement that called for the destruction of public records in violation of the law. As will be discussed later, R.C.149.351(B) does not include as a remedy for noncompliance with public records law/rules the enjoinment of execution of provisions in collective bargaining agreements. Rather, when there is the threat of unlawful destruction of public records, a court can issue an injunction compelling the public office which holds the records to comply with the law in disposing of such records. However, despite the wording of appellants' amended complaint, we construe the language in favor of appellants and determine that, in essence, appellants have requested an order compelling the city to comply with the law and/or commission rules, without regard to the related provision(s) in the collective bargaining agreement.
We note that the trial court determined appellants had failed to state a claim under R.C. 149.351, in part, because the provisions in the collective bargaining agreement mirrored the commission's records retention schedule. However, and as previously stated, we consider only the allegations as set forth in the amended complaint and do not consider evidence/materials, such as the collective bargaining agreement or records retention schedule, outside the amended complaint. Construing the allegations and drawing all reasonable inferences in the amended complaint in favor of appellants, appellants have alleged that the city will destroy or otherwise dispose of public records that, pursuant to commission rules/schedules, should not be destroyed in such a manner and that an injunction should be issued compelling the city to comply with the law and/or commission rules in regard to these records. To this extent, appellants have stated a claim under R.C. 149.351.
We emphasize that in making this determination, we do not find that appellants have stated a claim that allows an injunction enjoining appellees from executing and/or enforcing the collective bargaining agreement. The collective bargaining agreement in and of itself is not the source which gives rise to a cause of action herein. Rather, it is simply the possibility that the city, regardless of the impetus behind its actions, may dispose of public records contrary to law and/or commission rules. It is this possible action that may be enjoined, not the enforcement of the collective bargaining agreement.
In summary, to the extent the amended complaint has alleged that the city may destroy public records in violation of public records laws and/or commission rules and has requested an injunction compelling the city to comply with the law and/or rules, appellants have stated a claim under R.C. 149.351. For this reason only, appellants' first assignment of error (relating to the trial court's erroneous consideration of matters outside of the complaint) is sustained, and appellants' second assignment of error is sustained in part. However, for the reasons that follow, appellants have failed to state any other claims upon which the relief requested may be granted.
In their amended complaint, appellants have also requested: (1) a preliminary and permanent order enjoining appellees from continuing any negotiations relating to public records retention schedules and/or the destruction of public records for inclusion in the collective bargaining agreement; (2) an order requiring appellees to notify appellants when any grievance involving a request for the removal, alteration and/or destruction of any public records is filed; and (3) a judgment declaring that the provisions in the current collective bargaining agreement and any future agreement relating to records retention schedules and the removal and/or destruction of records are unlawful and unenforceable. R.C. 149.351 simply does not provide for such relief. Further, the Ohio Public Records Act does not prohibit collective bargaining agreements from including provisions relating to the disposal of public records. Rather, what is prohibited is the destruction or disposal of public records in violation of the law and/or commission rules. If such laws/rules are violated, the remedies include an order compelling compliance with the law/rules.
Even if we accepted appellants' assertion that the provisions in the collective bargaining agreement (and any prospective agreement) relating to public records destruction directly conflict with public records laws/rules and that the mere presence of such conflicting provisions constitutes a threat of violation of R.C. 149.351, the remedy is not an injunction prohibiting the enforcement of the collective bargaining agreement or prohibiting further labor negotiations relating to such provisions. Again, the sole remedies are set forth in R.C. 149.351(B) and provide for, in essence, orders compelling public offices to comply with the law and commission rules. Other than as discussed above, appellants' amended complaint does not request such relief and, thus, fails to state a claim.
In addition, and contrary to appellants' assertions, case law does not support the bulk of the relief requested by appellants. In essence, appellants contend case law holds that public records and the handling of such are not proper subjects of collective bargaining and private contracts. This is simply not true. In support of their contention, appellants cite cases such as State ex rel. Dispatch Printing Co. v. Columbus, supra; State ex rel. Dispatch Printing Co. v. Wells (1985),18 Ohio St.3d 382; State ex rel. Findlay Publishing Co. v. Hancock Cty. Bd. of Commrs. (1997), 80 Ohio St.3d 134; and State ex rel. Dist. 119, Health Care Social Serv. Union, SEIU, AFL-CIO v. Gulyassy (1995),107 Ohio App.3d 729. However, these cases do not hold that private contracts and/or collective bargaining agreements may not contain provisions relating to the disposal of public records or provisions relating to public disclosure of such records. At the very least, such cases certainly do not provide for a cause of action under the Ohio Public Records Act for the enjoinment of activity relating to collective bargaining agreements or private contracts.
Rather, these cases simply hold, in essence, that provisions in contracts or collective bargaining agreements which relate to public records do not prevail over the public records laws. For example, in Findlay Publishing Co., the Supreme Court merely stated that a public entity could not enter into an enforceable contract relating to the confidentiality of public records. Id. at 137. The Supreme Court did not enjoin the public office from entering into similar agreements in the future. Rather, the Supreme Court rejected the respondent's assertion that a settlement agreement was not subject to disclosure on the basis it contained a confidentiality provision. The settlement agreement was a public record and, therefore, was subject to disclosure despite the confidentiality provision contained therein. Id. at 136-137. See, also, State ex rel. Natl. Broadcasting Co. v. Cleveland (1992),82 Ohio App.3d 202, 212-213.
The Ohio Public Records Act does not provide for the bulk of the relief appellants have requested. Indeed, the relief requested by appellants (relating to the collective bargaining agreement) is unnecessary to carry out the purposes of the public records law. The case law cited above shows that the public records law is supreme when deciding the handling of public records. Hence, a public office must comply with such law, regardless of what may be contained in its contracts or collective bargaining agreements. As such, appellants' contention that the public would be unable to enforce the public records laws if collective bargaining agreements contain provisions requiring the destruction of public records is simply unfounded. The public may enforce the public records law by bringing a suit, as authorized in R.C. 149.351(B), to compel compliance with the law.
For the reasons set forth above and to the extent the amended complaint requested relief directly relating to the collective bargaining agreement, any future collective bargaining agreements, the negotiations of collective bargaining agreements or the grievance procedure under collective bargaining agreements, appellants have failed to state a claim under the Ohio Public Records Act and, therefore, it was proper to grant appellees' motions to dismiss these claims for relief. Accordingly, appellants' second assignment of error is overruled in part.
In summary and for the reasons stated above, appellants' first assignment of error is sustained. Appellants' second assignment of error is sustained in part and overruled in part. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this cause is remanded to such court to conduct further appropriate proceedings on the remaining claim.
Judgment affirmed in part and reversed in part; and cause remanded.
BOWMAN and BRYANT, JJ., concur.
[1] We do not address appellants' claim under R.C. 149.43. R.C. 149.43
provides for a mandamus action when requested public records are not made available in accordance with law. Appellants' claim under R.C. 149.43 was resolved below and was not appealed by any party.