[Cite as *Cottrill v. Skivers*, 2023-Ohio-3784.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

| | | |
|---|---|---|
| MARK COTTRILL, ET AL., | : | |
| | : | Case No. 22CA7 |
| Plaintiffs-Appellants, | : | |
| | : | |
| | : | |
| v. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| LEORA SKIVERS, | : | |
| | : | |
| Defendant-Appellee. | : | **RELEASED: 10/11/2023** |
| | : | |

APPEARANCES:

Robert W. Bright, Law Office of Robert W. Bright, Middleport, Ohio, for Appellants.

Jonathan E. Robe, Robe Law Office, Athens, Ohio, for Appellee.

Wilkin, J.

{¶1} Mark Cottrill, Tina Carter, and Vicki Starner ("appellants") are appealing a Meigs County Court of Common Pleas judgment entry that dismissed their complaint that sought an implied easement over, or adverse possession of, a portion of appellee, Leora Skiver's ("appellee") property.

{¶2} In November 2021, appellants filed a complaint seeking an implied easement, prescriptive easement, or adverse possession of a road that crossed appellee's property for purposes of appellants having access to a public road. Subsequently, appellants dismissed their claims for a prescriptive easement and adverse possession. Appellee filed a Civ.R. 12(B)(6) motion to dismiss. The trial court issued a judgment entry that granted appellee's motion finding that

appellants' complaint failed to establish sufficient facts to prove the unity-of-ownership element required for an implied easement.

{¶3} On appeal, appellants assert that the trial court erred in dismissing their complaint for an implied easement. Appellee has filed a brief in response. Having reviewed the parties' arguments, the record, and the applicable law, we affirm the trial court's judgment of dismissal.

I.     BACKGROUND AND PROCEDURAL HISTORY

{¶4} Appellants' complaint alleged that appellee owned three acres of land in Meigs County, Ohio. Appellants also owned land in Meigs County, Ohio that is adjacent to appellee's property and has no "road frontage" to any public road. For almost 50 years, appellants and their predecessors in title have used a road that crosses appellee's property to gain access to a public road.

{¶5} Appellants claimed that their use and maintenance of the road across appellee's property was open, notorious, and continuous, until appellee recently denied appellants use of the road. Appellants stated that neither appellee nor her predecessors objected to appellants' open, notorious, and continuous use of the road.

{¶6} Despite searching real property records, appellants claimed they were unable to locate any recorded easement or right of way that afforded them, or their predecessors in title, use of the road that crossed appellee's property. However, because they had no reasonable access to their property except using the road that crossed appellee's property, appellants asserted that they were entitled to an implied easement based on necessity.

{¶7} Alternatively, appellants argued that they, and their predecessors in title, possessed the road over appellee's property by prior, open, notorious, adverse, and continuous use for more than 21 years without objection by appellee. Appellants maintained that this conduct supported a prescriptive easement over, or adverse possession of the road that crossed appellee's property, as well as an implied easement based on prior use.

{¶8} Appellee filed a Civ.R. 12(B)(6) motion to dismiss appellants' complaint. Appellee first alleged that appellants could not establish an implied easement based on prior use or necessity because they could not show the unity-of-ownership element required for an implied easement. Consequently, appellee maintained that appellant's claim for an implied easement by prior use and necessity should be dismissed.

{¶9} Appellee also asserted that appellants failed to set out a valid claim for a prescriptive easement over, or adverse possession of, the road that crossed her property. Appellee claimed that appellants' initial demand letter acknowledged that appellants' use of the road over appellee's property was by permission. Consequently, appellants could not prove that their use of the road was "adverse" to appellee's desire, which is an element required for a prescriptive easement or adverse possession of property.

{¶10} Therefore, appellee moved the trial court to dismiss appellants' complaint in its entirety.

{¶11} Appellants filed a response to appellee's motion to dismiss that focused upon appellee's allegation that appellants could not prove prior unity of

ownership of the two properties.  Despite searching Meigs County records,

appellants acknowledged that they were unable to locate either an easement or

deeds to their property or appellee's property prior to 1880 because such records

were not available.  Nevertheless, appellants claimed that they had discovered

"relevant and useful information."  Specifically, appellants discovered a map from

1880 that

> clearly shows a road/right of way branching off the main
> road and running adjacent to/between the two (2) parcels that are
> currently owned by the parties to this suit.  That road/right of way
> gave access to (what would eventually become) [appellants'] - and
> it gave access to (what would eventually become) [appellants']
> property more than 140 years ago.

The appellants continued: "the 1880 map appears to show the road

possibly being on what was then property owned by a certain James (then

Francis) McGhee (which appears to be the property owned by [appellee] over

which [appellants] seek an easement."  Appellants searched that property "back

to the year 1879 in an attempt to find an express right of way and/or unity of

ownership with the property currently owned by [appellants]."  Appellants stated

that they found two 1879 deeds that both described the "McGhee property,"

which referenced the "Ohio Company Purchase."  Appellants maintain that the

Meigs County Recorder could find no "official book" pertaining to the "Ohio

Company Purchase."

{¶12} However, appellants discovered a "graphic" from Wikipedia that

purported to show land holdings by the Ohio Company in Meigs County Ohio.

Appellants opined that the graphic "appears [to show] that the final dimensions of

the Ohio Company Purchase included the entirety of Meigs County."  Appellants

further claimed that both the deed to appellee's property, and the legal description in the certificate of transfer for appellants' property referenced the "*Ohio Company Purchase*." (Italics sic.). Therefore, appellants argued that it was clear that the two properties herein were previously unified under a single owner, and "[b]ecause there was unity of ownership then an implied easement can exist, as can an easement by necessity."

{¶13} However, appellants alleged that they could not determine precisely when the unity of ownership was initially severed because records in Meigs County do not have maps before 1880. Appellants then informed the trial court that older maps of Meigs County were allegedly stored in Washington County, Ohio; thus, appellants moved the court for additional time to allow counsel to search Washington County's records.

{¶14} Appellee filed a reply stating among other assertions that appellants have no valid claim for an implied easement because appellants cannot prove prior unity of ownership of the two properties at issue, including that appellants had not alleged, let alone, submitted evidence that there was a use/necessity that existed at the time that any prior unified parcel would have been severed. Appellee also claimed that appellants had abandoned their claims for a prescriptive easement and adverse possession.

{¶15} The trial court issued an entry granting appellants 14 additional days to conduct research in Washington County.

{¶16} After expiration of the 14-day period, the appellants filed a supplemental response to appellee's motion to dismiss. Appellants

acknowledged that their research was unable to discover "the exact time when the unity of the ownership of the property in question that existed at the time of the Ohio Company were severed." Appellants alleged that they were unable to discover that date because either "[t]he express easement and/or time of severance of unity of ownership occurred before the year 1820 - the earliest deed of index that is available in Meigs County; [ ] or a break in the chain of title of both properties sometime between 1820 and 1880." Regardless, appellants recognized that their counsel had "run into a dead end" they would be "unable to confirm either the existence of an express easement or the exact time of the severance of the unity of ownership of the properties." Nevertheless, the appellants moved the trial court to deny appellee's motion to dismiss because appellee has not established that appellants' "case cannot possibly succeed."

{¶17} Shortly after appellants filed their supplemental response, the parties executed a "Joint Notice and Supplement to Court's Entry" that notified the court that appellants had withdrawn their claims for a prescriptive easement and adverse possession.

{¶18} Appellee filed a "Response" to appellants' "Supplemental Response." Appellee claimed that appellants had no valid claim for an implied easement because their complaint ignored the unity-of-ownership element required for an implied easement, and they also could not prove that a necessity arose at the time the unity of ownership was severed.

**{¶19}** After considering the parties pleadings, the trial court issued a judgment entry that initially recognized appellants' claims for a prescriptive easement and adverse possession of appellee's property had been withdrawn.

**{¶20}** The trial court also found that appellants' claim for an implied easement failed to state a claim upon which relief could be granted because they could not prove the unity-of-ownership element required for an implied easement. The court reasoned that appellants

> admit they can find no unity of title between [appellants'] and [appellee's] properties, other than both coming from the Ohio Company's Purchase. There needs to also be proof that at an exact moment in time, immediately prior to the separation of a larger or combined partial from the subject property took place, there was a commonality of title; and that by severance of the properties the [appellants'] property was left landlocked and without any access to a public roadway. Additionally, the use that gives rise to the easement must have been so long continued and obvious or manifest as to show that it was meant to be permanent. Since the [appellants] state[ ] the inability to establish when, exactly, there was a severance of one parcel from the other, there is no way to establish whether at the time of the severance there had been a long or continued, obvious or manifested showing that such access was meant to be permanent.
>
> Also, without the ability to establish exactly when and how the two properties were severed (other than both being within Meigs County at the time of the Ohio Company's Purchase) the strict requirement that such an easement is necessary for the beneficial enjoyment of the land granted or retained cannot be met. It has not been established whether these two parcels were ever on a common tract beyond the time of the Ohio Company's Purchase. Therefore, the Court cannot find the easement is necessary to the beneficial enjoyment of those two unknown or unestablished tracts.
>
> Likewise, without the ability to see whether these two properties were at one time combined in single ownership and that when severed any use of the rights across the servitude property was intended to be continuous (as opposed to being only temporary or occasional) there is no basis for the claim.

**{¶21}** Therefore, the trial court dismissed appellants' complaint. It is this judgment that appellants appeal, asserting a single assignment of error.

## II.    ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DISMISSING THE COMPLAINT FILED BY PLAINTIFFS/APPELLANTS FOR AN EASEMENT BASED ON PLAINTIFF'S ALLEGED FAILURE TO ESTABLISH UNITY OF TITLE

### A.  Appellants' Argument

**{¶22}** Appellants argue that they have proven unity of ownership of the properties herein in the late 1700s because documents pertaining to both the parties' properties reference prior ownership by the Ohio Company Purchase, which included the entirety of Meigs County. Appellants' argument relies in part on this court's decision in *Blanton v. Eskridge*, 4th Dist. Scioto No. 16CA3783, 2017-Ohio-9366.

**{¶23}** Appellants maintain that this court in *Blanton* "held open the possibility" that the two properties therein "being part of the French Grant DID establish the unity of title requirement" for purposes of proving an implied easement by prior use or necessity.[1] The appellants argue that, similar to the French Grant in *Blanton*, they have submitted evidence that the parties' properties herein were owned in unity pursuant to the Ohio Company Purchase, and consistent with *Blanton* appellants have satisfied the unity-of-ownership element to support an implied easement.

---

[1] The court in *Blanton* stated that "The French Grant was one of the many land divisions established in the late eighteenth century in what is now Ohio." *Blanton* at fn 2, citing www.ohiohistorycentral.org.

{¶24} However, appellants continue to admit that they cannot "prove more recent unity of title between the specific smaller pieces of property owned by [appellee] and [appellants]" "because the records are not available." Nevertheless, appellants cite "very important facts" that support an implied easement in their favor despite the absence of a more recent unity of title:

1. [Appellee] and her now-deceased co-owner, Ensminger, allowed [appellants] and [their] predecessors in title to use the road across [appellee's] property as an easement to access [appellants'] property uninterrupted from at least 1983 to 2021;
2. [Appellants] property has no road frontage on any County, State, Federal, or other government owned and maintained road;
3. [Appellants'] property has no other easement or access road across any other adjacent property;
4. The oldest available plat map on which the properties appear is the 1880 map. The road which [appellants] [have] used to access [their] property appears on that 1880 map as a hand-drawn notation;
5. Given that the 1880 plat map shows the road that [appellants] and [their] predecessors in title have been using to access his property since at least 1983, it is hardly unreasonable to assume that whoever owned the properties in question from 1880 to 1983 considered the road an easement to access what is now the [appellants'] property at least as long as 142 years ago.
6. Thus, it appears that property that has not been landlocked for 142 years has now been landlocked because Mr. Ensminger passed away and [appellee] decided not to allow [appellants] to access the property anymore.

Appellants opine that these facts justify a finding of an exception to the unity of title requirement for an implied easement. Appellants maintain that 142 years of using the road for access to appellants' property is sufficient to satisfy the requirement that the use is "permanent in character" as discussed in *Trattar v. Rausch*, 154 Ohio St. 286, 95 N.E.2d 685 (1950).

{¶25} Appellants urge this court to adopt the dissenting opinion in *Tiller v. Hinton*, 19 Ohio St.3d 66, 71, 482 N.E.2d 946 (1985) in which Justice Brown maintained that even in the absence of proof of the elements required for an easement by necessity, "[a]n exception should be made for cases such as the one at bar where failure to imply an easement of necessity will result in landlocking of real property preventing ingress and egress from the property to a public road."

{¶26} Therefore, appellants move this court to reverse the trial court's judgment that dismissed their complaint.

### B. Appellee's Response

{¶27} Appellee claims that appellants have the burden of "pleading and proving that any alleged use/necessity arose *at the time that the Ohio Company of Associates severed its ownership* and not afterwards." (Emphasis sic.) Appellee claims that appellants have not even alleged that they can prove unity of ownership, and, in fact, concede, in their brief and prior pleadings that they cannot prove unity of ownership of the properties. Appellee asserts that "based on the title records that do exist, there was a lack of unity of ownership at least as far back as 1900." Because appellants have not, and cannot, produce evidence that the need (i.e., access to a public road because their property is landlocked) for an implied easement did not arise until "long after" the unified property was severed, their claim for an implied easement fails as a matter of law.

{¶28} Appellee claims that *Blanton* does not support appellants' appeal. *Blanton* held that the "French Grant" was insufficient to establish prior unity of

ownership. *Blanton* also held that even if the properties therein originating from the "French Grant" had established prior unity of ownership, plaintiff still had to show that a necessity arose at the time that the ownership of the "French Grant" property was severed, not later. Thus, *Blanton* affords appellants' claim no support.

**{¶29}** Appellee argues that appellants "attempt to minimize their admitted inability to plead and prove prior unity of ownership as nothing more than an inability to prove an 'exact' time of severance of ownership." However, because appellants cannot establish the time of severance of the prior ownership, appellants cannot establish that an alleged use/necessity arose at or before the time of severance.

**{¶30}** Appellee asserts that even if appellants had presented evidence that in the 1880s appellants' property had access to a road, then their property was not landlocked at that time. Appellee opines that appellants' property would have become landlocked only long after the unity of ownership was severed. Consequently, Appellants' claim still fails because they cannot prove use/necessity at the time of severance.

**{¶31}** Therefore, appellee maintains that we should affirm the trial court's dismissal of appellants' complaint.

III.     LAW

A.  Standard of Review of a Civ.R. 12(B)(6) Dismissal

**{¶32}** "An order granting a Civ.R. 12(B)(6) motion to dismiss is subject to de novo review." *Perrysburg Twp. v. Rossford*, 103 Ohio St. 3d 79, 2004-Ohio-

4362, 814 N.E.2d 44, ¶ 5, citing *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 4-5. In a de novo review, "we afford no 'deference to the trial court's decision." *State v. Mirkin*, 4th Dist. Jackson No. 20CA7, 2022-Ohio-2229, ¶ 17, quoting *State v. Mills*, 4th Dist. Ross No. 10CA3144, 2011-Ohio-377, ¶ 6.

**{¶33}** "A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint." *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11. "In order for a court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought." *Tayse v. Erdos*, 4th Dist. Scioto No. 22CA3993, 2023-Ohio-1542, ¶ 9, citing *Ohio Bur. Of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶ 12. When a trial court considers a Civ.R. 12(B)(6) motion to dismiss, it must review only the complaint, accepting all factual allegations contained in the complaint as true and making all reasonable inferences in favor of the nonmoving party. *State ex rel. Talwar v. State Med. Bd. of Ohio*, 104 Ohio St.3d 290, 2004-Ohio-6410, 819 N.E.2d 654, ¶ 5. "Typically, 'courts cannot rely on evidence or allegations outside the complaint to decide a Civ.R. 12(B)(6) motion to dismiss.' " *State ex rel. Evans v. Mohr*, 155 Ohio St. 3d 579, , 2018-Ohio-5089, 122 N.E.3d 1240, ¶ 6, quoting *Jefferson v. Bunting*, 140 Ohio St.3d 62, 2014-Ohio-3074, 14 N.E.3d 1036, ¶ 11. "When a Civ.R. 12(B)(6) motion depends on extrinsic evidence, the 'proper procedure is for the court to

convert the motion to dismiss into a motion for summary judgment and provide the opposing party with notice and an opportunity to respond.' " *Id.*, quoting *Bunting* at ¶ 11.

**{¶34}** However, "[a] trial court's reliance upon evidence outside the pleadings for purposes of a Civ.R. 12(B)(6) ruling constitutes harmless error when the complaint should have been dismissed as a matter of law regardless of the inappropriately considered evidence." *Davis v. Widman*, 2009-Ohio-5430, 184 Ohio App. 3d 705, 715, 922 N.E.2d 272,  ¶ 16 (3rd Dist.), citing *Smith v. Asbell,* 4th Dist. Scioto No. 3CA2897, 2005-Ohio-2310, ¶ 45, 47; *Shamansky v. Massachusetts Fin. Serv. Co.*, 127 Ohio App.3d 400, 404, 713 N.E.2d 47 (10th Dist.1998), discretionary appeal not allowed in (1998), 83 Ohio St.3d 1435, 699 N.E.2d 949.  Further, where both parties submit evidence outside the complaint, appellant never moves the trial court to convert appellee's Civ.R. 12(B)(6) motion to dismiss to a motion for summary judgment, and does not raise that issue in their appeal, an argument that the trial court erred by failing to make that conversion is waived.  *See AAA American Const., Inc. v. Alpha Graphic*, 8th Dist. Cuyahoga No. 84320, 2005-Ohio-2822, ¶ 4.  *See also Ohio Env't Dev. Ltd. v. Ohio Env't Prot. Agency*, 10th Dist. Franklin No. 09AP–683. 2010-Ohio-414, ¶ 20, 21.

## B.  Easements

**{¶35}** "An easement is an interest in the land of another that entitles the owner of the easement to a limited use of the land in which the interest exists." *Fitzpatrick v. Palmer*, 186 Ohio App.3d 80, 2009-Ohio-6008, 926 N.E.2d 651, ¶

22 (4th Dist.), citing *Parrett v. Penn Cent. Corp.*, 4th Dist. Pickaway No. 86CA17, 1987 WL 14754 (July 27, 1987); citing *Szaraz v. Consol. RR. Corp.*, 10 Ohio App.3d 89, 460 N.E.2d 1133 (9th Dist.1983). The plaintiff bears the burden of proving an easement by clear and convincing evidence. *Blanton v. Eskridge*, 4th Dist. Scioto No. 16CA3783, 2017-Ohio-9366, ¶ 7, citing *Cadwallader v. Scovanner*, 178 Ohio App.3d 26, 2008-Ohio-4166, 896 N.E.2d 748, ¶ 55 (12th Dist.). " 'Clear and convincing evidence' is evidence that will produce in the factfinder's mind a firm belief or conviction as to the facts sought to be established." *Id.*, citing *State v. Eppinger*, 91 Ohio St.3d 158, 164, 743 N.E.2d 881 (2001).

{¶36} "An easement may be created by specific grant, prescription, or implication which may arise from the particular set of facts and circumstances." *Campbell v. Great Miami Aerie No. 2309, Fraternal Order of Eagles*, 15 Ohio St.3d 79, 80, 472 N.E.2d 711 (1984), citing *Yeager v. Tuning*, 79 Ohio St. 121, 86 N.E. 657 (1908), *Ciski v. Wentworth*, 122 Ohio St. 487, 172 N.E. 276 (1930), and *Trattar v. Rausch*, 154 Ohio St. 286, 95 N.E.2d 685 (1950). In this case, we are concerned with implied easements, which may be established (1) by necessity, and (2) by prior use. *Wheeler v. McBride,* 178 Ohio App .3d 367, 2008-Ohio-5109, 896 N.E.2d 748, ¶ 24 (4th Dist.), citing *Trattar* at 293.

{¶37} We begin by recognizing that "[i]mplied grants of easements are not favored, being in derogation of the rule that written instruments shall speak for themselves." *Watson v. Neff*, 4th Dist. Jackson No. 08CA12, 2009-Ohio-2062, ¶ 9, citing *Ciski* at paragraph one of the syllabus. "An implied easement is based

upon the theory that whenever one conveys property he includes in the conveyance whatever is necessary for its beneficial use and enjoyment and retains whatever is necessary for the use and enjoyment of the land retained." *Trattar* at 291. "Easements may be implied in several ways-from an existing use at the time of the severance of ownership in land, from a conveyance describing the premises as bounded upon a way, from a conveyance with reference to a plat or map or from necessity alone, as in the case of ways of necessity." *Id.*, at 291-292, citing 15 Ohio Jurisprudence 37, Section 27.

{¶38} To prove an implied easement by prior use, the plaintiff must demonstrate:

> (1) A severance of the unity of ownership in an estate; (2) that, before the separation takes place, the use which gives rise to the easement shall have been so long continued and obvious or manifest as to show that it was meant to be permanent; (3) that the easement shall be reasonably necessary to the beneficial enjoyment of the land granted or retained; (4) that the servitude shall be continuous as distinguished from a temporary or occasional use only.

*Ciski v. Wentworth*, 122 Ohio St. 487, 172 N.E. 276 (1930), syllabus.

{¶39} "To establish an implied easement by necessity, the party must present evidence on the same four elements of an implied easement by prior use, except that for the third element, the party must show 'strict necessity' rather than 'reasonable necessity.' " *Bank of Am. v. Stevens*, 4th Dist. Hocking No. 16CA4, 2017-Ohio-9040, ¶ 46, citing *Fitzpatrick v. Palmer,* 186 Ohio App.3d 80, 2009-Ohio-6008, ¶ 35–36 (4th Dist.).

C.  The Unity-of-Ownership Element

{¶40} Common to implied easements, "[t]he element of severance of unity of ownership requires the plaintiff to prove by clear and convincing evidence that the land in question was [previously] possessed in common ownership and later severed." *Dunn v. Ransom*, 4th Dist. Pike No. 10CA806, 2011-Ohio-4253, ¶ 35, citing *Arkes,* Franklin App. No. 05AP-202, 2005-Ohio-6369, ¶ 16.

> The unity of title requirement accords with the principles of implied easements. Implied easements are easements read into a deed. "An implied easement is based upon the theory that whenever one conveys property he includes in the conveyance whatever is necessary for its beneficial use and enjoyment and retains whatever is necessary for the use and enjoyment of the land retained."  In other words, implied easements are those easements that a reasonable grantor and grantee would have expected in the conveyance, and a court will read the implied easement into a deed where the elements of that implied easement exist. However, if there is no unity of title, there is no grantor who may give an easement to the grantee. It does not matter whether a reasonable grantor would have conveyed an easement or a reasonable grantee would have expected to receive an easement. A grantor simply cannot convey what is not possessed.  (Citation Omitted)

*Neff*, 4th Dist. Jackson No. 08CA12, 2009-Ohio-2062, ¶ 9.

{¶41} There are important factors when considering the severance segment of the unity-of-ownership element that differ slightly depending on whether appellant is alleging an implied easement based on prior use, or, alternatively, on necessity.

{¶42} "A prior use easement looks retrospectively at how the land was used before it was severed in order to ascertain what beneficial use the grantor truly intended to convey." *Arkes v. Gregg*, 10th Dist. Franklin No. 05AP-202, 2005-Ohio-6369, ¶ 14; *see also Anderson v. Fleagane,* 7th Dist. Belmont No. 21

BE 0020, 2022-Ohio-1120, ¶ 33, appeal not allowed, 167 Ohio St. 3d 1459, 2022-Ohio-2446, 190 N.E.3d 644, ¶ 34.

{¶43} "An implied easement or way of necessity is based upon the theory that without it the grantor or grantee, as the case may be, cannot make use of his land." *Trattar*, 154 Ohio St. 286, 95 N.E.2d 685 (1950), paragraph one of the syllabus (1950). "The necessity that serves as the basis for an implied easement must exist upon the severance of ownership." *Arkes* at ¶ 13; *see also Cyrus v. Melvin*, 4th Dist. Lawrence No. 1409, 1980 WL 351003 (March 27, 1980) * 3; *Fleagane* at ¶ 34, quoting *Arkes* at ¶ 13.

IV.     ANALYSIS

{¶44} We begin by finding that *Blanton* affords appellants' no support for their appeal. Rather, it supports the trial court's judgment of dismissal. In *Blanton* this court reversed the trial court's judgment that granted appellee an implied easement based on necessity. *Blanton*, 4th Dist. Scioto No. 16CA3783, 2017-Ohio-9366, ¶ 21. In part, we reasoned:

> Appellees *presented* no evidence of unity of title between their property and Appellants' property. The only comment Appellees made with regard to the chain of title is that both Appellants' and Appellees' property originated from the French Grant. On the other hand, Appellants introduced chains of title for each property demonstrating no common ownership of the properties as far back as 1930. Further, Appellants presented the testimony of Loren Purdom, a land surveyor licensed in the State of Ohio, who stated that there was no unity of title between Appellants' and Appellees' properties. Thus, *Appellees presented no evidence proving the first element required in order to establish an easement of necessity.*
>
> Further, assuming arguendo that both properties originating as part of the French Grant somehow satisfies the unity

of title requirement, which Appellees subtly imply but do not even
expressly argue, there is *no evidence* that the Blantons' *property
was landlocked at the time it was originally subdivided* out of the
French Grant. Instead, evidence produced at trial demonstrates
the opposite, revealing that Blanton's predecessor's in interest
enjoyed direct access to their property via State Route 52, prior to
the construction of limited access U.S. Route 52.

*Id.* at ¶ 13-14.

Therefore, we concluded in *Blanton* that even if appellees had been able to show

prior unity of ownership of the properties at issue, they "failed to demonstrate that

there was a strict necessity for an easement *at the time* the properties were

initially severed or subdivided." (Emphasis added.) *Id.* at ¶ 20.

{¶45} *Blanton*'s holding is consistent with the proposition that for an

implied easement, evidence of a use or necessity that is proximate in time to

when a property is severed is necessary to prove the unity-of-ownership element.

More specifically, for an implied easement based on prior use, a plaintiff must be

able to prove that the use existed *prior to severance* of the property unified in

ownership.  *Arkes* at ¶ 14; *Fleagane* at ¶ 33.  For an implied easement based on

necessity, a plaintiff must be able to prove that the necessity "exist[ed] *upon

severance*" of the property unified in ownership. (Emphasis added.) *Arkes* at ¶

13; *Blanton* at ¶ 14; *Melvin*, at * 3; *Fleagane* at ¶ 34.

{¶46} It is unnecessary for this court to determine whether appellee's and

appellants' properties were previously unified in ownership pursuant to the Ohio

Company Purchase, or in some other manner.  This is because, similar to

*Blanton*, even assuming arguendo the properties herein were previously unified

in ownership, appellants repeatedly admit in their pleadings in both the trial court

and their appellate brief that the records available for the properties herein go back only to the 1880s. Based on this admission, appellants cannot prove the elements required for an easement implied by prior use or necessity.

{¶47} Appellants' admissions in this regard were made in court pleadings subsequent to their complaint. Trial courts typically cannot rely on this extrinsic evidence when addressing a motion to dismiss pursuant to Civ.R. 12(B)(6). We find, however, that any error due to the trial court's failure to convert appellee's Civ.R. 12(B)(6) motion to dismiss to a motion for summary judgment was harmless because appellants have admitted that they cannot prove their claim. *Asbell,* 4th Dist. Scioto No. 3CA2897, 2005-Ohio-2310, ¶ 45, 47; *Shamansky*, 127 Ohio App.3d 400, 404, 713 N.E.2d 47 (10th Dist.1998). This is because, [a]n "admission or statement of a party to an action subversive to such party's interests is conclusive." *Lieninger*, 6th Dist. Fulton No. F 78-16, 1979 WL 207043, *1 (Mar. 23, 1979).

{¶48} Furthermore, both parties submitted evidence outside appellants' complaint, appellants never moved the trial court to convert appellee's motion to dismiss to a motion for summary judgment, and appellants have not raised the trial court's failure to convert in their appeal to his court. Therefore, we find that any argument that the court erred in failing to convert the Civ.R. 12(B)(6) motion to dismiss to a motion for summary judgment is waived. *AAA American Const., Inc.*, 8th Dist. Cuyahoga No. 84320, 2005-Ohio-2822, ¶ 4; *Env't Dev. Ltd.*, 10th Dist. Franklin No. 09AP–683, 2010-Ohio-414, ¶ 20, 21.

**{¶49}** Accordingly, based on appellants' own admission, they cannot present any evidence that any previously unified property was subject to a *use* that *existed prior to the severance*, or any necessity that occurred *at the time of severance*, which is fatal to their claims for an implied easement.

**{¶50}** Nevertheless, appellants maintain that their inability to acquire records of any unified property at the time that it was severed was not their fault because said records simply did not exist for any number of reasons, e.g., the time of severance occurred prior to 1820, which is the earliest deed index available in Meigs County. Appellants urge this Court to adopt Justice Brown's dissenting opinion in *Tiller v. Hinton* as an exception to unity-of-ownership element under the circumstances of this case. 19 Ohio St.3d 66, 482 N.E.2d 946 (1985).

**{¶51}** In *Hinton*, the appellants sought an injunction to prevent appellees from interfering with their right-of-way across appellee's land based on a previously executed easement that was never recorded. *Id.* at 66. The trial court denied appellants relief and the court of appeals affirmed. *Id.* at 69. The Supreme Court affirmed holding that "[b]ecause neither the deed expressly granting the easement nor any alleged implied easement of necessity was timely recorded herein, and because appellee had no actual or constructive notice of any easement, the subject property is not encumbered." *Id.* at 70. Justice Brown, authored a dissent maintaining that "[a]n exception should be made for cases such as the one at bar where failure to imply an easement of necessity will

result in landlocking of real property preventing ingress and egress from the property to a public road." *Id.* at 71 (Brown, J., dissenting).

{¶52} To the extent that appellants are unable to prove their case because of absence of pertinent records, we understand their frustration. However, that does not alleviate their burden of proving all the elements necessary to prove an implied easement, including evidence of a use that occurred prior to severance, or necessity that occurred at the time of severance. By their own admission, appellants are unable to prove either of those events. And, as part of the judicial branch of our tripartite system of government, we are compelled to follow the opinions issued by the Supreme Court of Ohio. Consequently, we decline to create any exception to the requirements necessary for an implied easement by adopting Justice Brown's dissenting opinion. Such exceptions are policy questions that may be addressed by the General Assembly, but not the courts.

## V. CONCLUSION

{¶53} Based on our de novo review of the trial court's judgment, we find that the trial court did not err in granting appellee's Civ.R. 12(B)(6) motion to dismiss. Therefore, we overrule appellants' sole assignment of error and affirm the trial court's judgment of dismissal.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J.:  Concur in Judgment and Opinion.


For the Court,


BY: _____
Kristy S. Wilkin, Judge


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**