[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Jefferson v. Bunting,* Slip Opinion No. 2014-Ohio-3074.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-3074

JEFFERSON, APPELLANT, *v.* BUNTING, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Jefferson v. Bunting,* Slip Opinion No. 2014-Ohio-3074.]

*Habeas corpus—When a Civ.R. 12 motion to dismiss relies on documents outside the pleadings, the court should convert the motion into a motion for summary judgment and provide the opposing party notice and an opportunity to respond—Court of appeals' judgment dismissing petition reversed.*

(No. 2013-1178—Submitted May 13, 2014—Decided July 17, 2014.)

APPEAL from the Court of Appeals for Marion County, No. 9-13-26.

————————————

**Per Curiam.**

{¶ 1} Appellant, Sell Jefferson, appeals from the judgment of the Third District Court of Appeals dismissing his petition for a writ of habeas corpus based on res judicata. We reverse and remand for further proceedings.

*Facts*

{¶ 2}   Because the court of appeals decided this case on appellee Warden Jason Bunting's motion to dismiss for failure to state a claim, our review of the judgment must begin by assuming that the allegations in Jefferson's petition are true.  In May 1975, Jefferson was convicted of aggravated robbery and sentenced to a prison term of 7 to 25 years.  *State v. Jefferson*, Cuyahoga Cty. C.P. No. CR 17177 (May 11, 1975).  The jury was unable to reach a verdict on a charge of aggravated murder.  Jefferson was tried a second time for aggravated murder and was convicted.  On July 21, 1975, the trial court imposed a life sentence.  *State v. Jefferson*, Cuyahoga Cty. C.P. No. CR 17177 (July 21, 1975).

{¶ 3}   Jefferson served seven years on the aggravated-robbery conviction and was granted parole on January 12, 1981.  He served one year of supervised parole, after which he was granted a final release on February 11, 1982.

{¶ 4}   Three years later, Jefferson was indicted on new criminal charges. *State v. Jefferson*, Cuyahoga Cty. C.P. case No. CR 198899.  On October 2, 1985, at the request of the state, the trial judge issued a capias order directing the clerk of courts to forward the July 21, 1975 sentencing papers from case No. CR 17177 (imposing the life sentence) to the proper correctional institution.

{¶ 5}   In the new case, No. CR 198899, Jefferson received a sentence of 7 to 15 years, to run concurrently with his sentence in case No. CR 17177.

{¶ 6}   On May 7, 2013, Jefferson filed a petition for a writ of habeas corpus.  He alleged that he had served the entire sentence in case No. CR 198899 and remains in prison solely under the "recommitment" ordered in case No. CR 17177.  According to Jefferson, the Cuyahoga County Common Pleas Court had no jurisdiction to order him back to prison in case No. CR 17177 after he received an unconditional final release from the Parole Authority in that case.  He asked the court of appeals to order his immediate release.

**{¶ 7}** On June 17, 2013, Bunting filed a motion to dismiss on the grounds of res judicata, attaching numerous exhibits. The court of appeals granted the motion three days later.

**{¶ 8}** Jefferson timely appealed.

*Analysis*

**{¶ 9}** The court of appeals erred in granting the motion to dismiss based on res judicata. *State ex rel. Freeman v. Morris*, 62 Ohio St.3d 107, 579 N.E.2d 702 (1991).

**{¶ 10}** Res judicata is an affirmative defense. Civ.R. 8(C). It is not included on the list of defenses that may be raised in a Civ.R. 12(B) motion to dismiss. For this reason, we have held that res judicata is not a proper basis for dismissal under Civ.R. 12. *Freeman* at 109.

**{¶ 11}** The *Freeman* rule is consistent with the general proposition that courts cannot rely on evidence or allegations outside the complaint to decide a Civ.R. 12(B)(6) motion to dismiss. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997). The prohibition on considering exhibits attached to a motion to dismiss applies with equal force in habeas cases. *State ex rel. Parker v. Tate*, 86 Ohio St.3d 625, 626, 716 N.E.2d 210 (1999), fn.1 ("the court of appeals erred in relying in part on materials attached to appellee's dismissal motion in making its determination").

**{¶ 12}** When the res judicata defense depends on documents outside the pleadings, the proper procedure is for the court to convert the motion to dismiss into a motion for summary judgment and provide the opposing party with notice and an opportunity to respond. *Calin v. Nemes*, 7th Dist. Mahoning No. 11 MA 12, 2012-Ohio-1409, ¶ 14-17. The court of appeals should have converted the motion.

**{¶ 13}** In this case, the appellate court compounded its error by giving Jefferson no opportunity to respond to the motion. The court granted the motion

three days after it was filed, although Civ.R. 12(B) and 56(C) required the court to allow at least 14 days for response. *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 729 N.E.2d 1181 (2000).

{¶ 14} Based on the foregoing, we reverse the judgment of the court of appeals and remand the cause for further proceedings consistent with this opinion.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Sell Jefferson, pro se.

Michael DeWine, Attorney General, and Gregory T. Hartke, Assistant Attorney General, for appellee.

_____