[Cite as *Gardner v. Paxton*, 2018-Ohio-52.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| DOUGLAS S. GARDNER, | : | Case No. 17CA22 |
| Plaintiff-Appellant, | : | |
| v. | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| RODNEY E. PAXTON, | : | **RELEASED: 01/04/2018** |
| Defendant-Appellee. | : | |

<u>APPEARANCES</u>:

Douglas S. Gardner, Marietta, Ohio, pro se appellant.

Timothy C. Loughry, Loughry, Buell & Sipe, LLC, Marietta, Ohio for appellee.

Harsha, J.

{¶1} Douglas S. Gardner appeals the dismissal of his complaint and contends that the trial court erred by relying upon res judicata grounds. We agree, but for different reasons than those argued by Gardner.

{¶2} Res judicata is an affirmative defense and cannot be raised in a Civ.R. 12(B) motion to dismiss. Likewise, a trial court normally cannot rely upon evidence or allegations outside the complaint to decide a motion to dismiss. When a res judicata defense depends on documents outside the pleadings, the proper procedure requires the court to convert the motion to dismiss into a motion for summary judgment and provide the opposing party with notice and an opportunity to respond.

{¶3} Here the trial court created plain error when it failed to convert the motion to dismiss into a summary judgment motion and give Gardner notice and the opportunity to respond in accordance with Civ.R. 56. We reverse the trial court's judgment and remand accordingly.

## I. PROCEDURAL HISTORY

**{¶4}** Gardner filed a complaint against Rodney E. Paxton alleging that Paxton and he were both members of Triple Tree Pre-Cut Products, a limited liability company, but Paxton had failed to make equal contributions and had engaged in various improper transactions involving Triple Tree. Paxton moved to dismiss the complaint under Civ.R. 12(B)(6) for failure to state a claim for which relief can be granted and for failure to allege fraud with particularity as required by Civ.R. 9(B). Gardner opposed the motion contending that his claims accrued after the conclusion of *Gardner's Custom Sawing, LLC, et al. v. Silvesco, Inc., et al.,* Washington Co. Common Pleas Case No. 10 OT 41, which involved winding up the affairs of Triple Tree. He also disputed that he was making a fraud claim. The trial court denied the motion and ordered Gardner to file an amended complaint.

**{¶5}** After Gardner filed an amended complaint Paxton filed a second motion to dismiss on various grounds, including res judicata. Paxton argued that Gardner's claims all related back to the prior *Gardner's Custom Sawing* action.

**{¶6}** Instead of converting the motion to summary judgment, the trial court granted Paxton's motion to dismiss on res judicata grounds, finding:

> As to Counts 1 through 6 set forth in the Amended Complaint, this Court finds the same to be barred based upon the doctrine of res judicata and the rulings in Gardner's Custom Sawing, LLC, et al. v. Silvesco, Inc., et al. 10 OT 31 [sic].

## II. ASSIGNMENT OF ERROR

**{¶7}** Gardner assigns the following error for our review:

I.    THE TRIAL COURT ERRED IN GRANTING RES JUDICATA TO APPELLEE RODNEY E[.] PAXTON.[1]

### III. LAW AND ANALYSIS

{¶8}    "We review a trial court's decision to grant a motion to dismiss on a de novo basis." *Cooper v. Highland Cty. Bd. of Commrs.*, 4th Dist. Highland No. 01CA15, 2002-Ohio-2353, ¶ 8. The applicability of res judicata presents a question of law that is subject to de novo review. *State ex rel. Jeffers v. Athens Cty. Commrs.*, 4th Dist. Athens No. 15CA27, 2016-Ohio-8119, ¶ 40.

{¶9}    In his motion to dismiss Paxton contended that Gardner's claims were barred by res judicata because they all relate back to and were resolved by the *Gardner's Custom Sawing* action involving the same parties. The trial court did not convert Paxton's motion to a summary judgment motion. Paxton did not submit any affidavits or documents from the prior litigation to support his res judicata defense or otherwise connect Gardner's current claims to those asserted in the prior action.

{¶10}   "Res judicata is an affirmative defense.  Civ.R. 8(C). It is not included on the list of defenses that may be raised in a Civ.R. 12(B) motion to dismiss." *Jefferson v. Bunting*, 140 Ohio St.3d 62, 2014-Ohio-3074, 14 N.E.3d 1036, ¶ 10, citing *State ex rel. Freeman v. Morris*, 62 Ohio St.3d 107, 579 N.E.2d 702 (1991); *Shaper v. Tracy*, 73 Ohio St.3d 1211, 1995-Ohio-37, 654 N.E.2d 1268; *Haney v. Roberts,* 130 Ohio App.3d 293, 301, 720 N.E.2d 101, 107 (4th Dist. 1998) (the applicability of the doctrine of res judicata cannot be raised by a motion to dismiss under Civ.R. 12(B)). "When the res

---

[1] Gardner identifies one assignment of error with four issues for review, but in making his legal arguments he re-characterizes the issues as additional assignments of error. Because we sustain the assignment of error, the remaining issues or assignments of error are moot and we need not address them. *See* App.R. 12(A)(1)(c).

judicata defense depends on documents outside the pleadings, the proper procedure is for the court to convert the motion to dismiss into a motion for summary judgment and provide the opposing party with notice and an opportunity to respond." *Jefferson* at ¶ 12; *Stratford Commons v. Raaber*, 8th Dist. Cuyahoga No. 96867, 2011-Ohio-6084, ¶11-14.

**{¶11}** The trial court granted Paxton's motion to dismiss and determined that Gardner's claims were barred by res judicata. However, the trial court should have converted Paxton's motion to a summary judgment motion and given Gardner notice and an opportunity to respond. *Jefferson* at ¶ 12-13. In fact, in his supporting memorandum Paxton implicitly acknowledged the need for his res judicata defense to be addressed in a summary judgment motion:  "In the event that the Court grants leave for Plaintiff to amend their [sic] complaint, or if the Court converts Defendant's motion to dismiss into a motion for summary judgment, Defendant anticipates proceeding on grounds of res judicata in summary judgment, as this matter and the related claims were previously litigated before this Court in *Gardner's Custom Sawing, LLC, et al. v. Silvesco, Inc.*, et al., 10 OT 41."

**{¶12}** We sustain Gardner's sole assignment of error on the basis of a due process plain error. *See Burchett v. Burchett,* 4th Dist. Scioto No. 16CA3784, 2017-Ohio-8124, ¶ 15, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997) (discussing standard for invoking plain error doctrine in a civil case).

## IV. CONCLUSION

**{¶13}** Res judicata is an affirmative defense that cannot be raised in a motion to dismiss under Civ.R. 12(B). The trial court should have converted Paxton's motion to dismiss into a summary judgment motion under Civ.R. 56 and given the parties an

opportunity to respond with supporting documents under Civ.R. 56(C). We reverse the

judgment and remand this matter for further proceedings.

JUDGMENT REVERSED
AND CAUSE REMANDED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Hoover, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
       William H. Harsha, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**