[Cite as *Ralls v. Lewin*, 2019-Ohio-3302.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| MARLON D. RALLS, | : | APPEAL NO. C-180526 |
| | | TRIAL NO. A-1704960 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| GAIL LEWIN, | : | |
| Defendant-Appellee. | : | |


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: August 16, 2019


*Marlon D. Ralls*, pro se,

*Patrick J. Deninger*, for Defendant-Appellee.

**MYERS, Judge.**

{¶1}   In two related assignments of error, Marlon D. Ralls argues that the trial court erred by entering summary judgment in favor of Gail Lewin[1] on Ralls's claims stemming from an automobile accident on October 31, 2015.  Because we find procedural errors requiring reversal, we do not reach the merits of Ralls's arguments.

{¶2}   Lewin filed a Civ.R. 12(B)(6) motion to dismiss Ralls's complaint for failure to state a claim upon which relief could be granted, on the sole ground that the matter had previously been adjudicated.  Lewin argued that Ralls had asserted the same claim against her in four previous lawsuits, two of which Ralls had voluntarily dismissed, one of which was dismissed upon Lewin's motion, and one of which had resulted in a judgment in Lewin's favor.  To establish that she was entitled to dismissal, Lewin attached to her motion what purported to be copies of a police report, a waiver and cancelled check, entries and filings from separate court cases, and a transcript of a hearing.[2]

{¶3}   After Ralls failed to respond to Lewin's motion to dismiss, the trial court placed of record an "Entry Granting Defendant Gail Lewin's Motion for Summary Judgment."  The entry stated, "This matter came before the Court upon Defendant[] Gail Lewin's Motion for Summary Judgment.  Upon Defendant's Motion and for good cause shown, the Motion to Dismiss is well taken and hereby granted."

{¶4}   Following our review of the record, we conclude that, based on procedural errors, the trial court's judgment cannot be upheld either as a dismissal pursuant to Civ.R. 12(B)(6) or as a summary judgment pursuant to Civ.R. 56.

---

[1] We note that Ralls designated Nationwide Mutual Insurance Company as the appellee in his notice of appeal.  Nationwide, while apparently the insurer of Lewin, is not a party to this action.  Therefore, we have treated Lewin at all times as the party and have ignored the misnomer.
[2] Because we reverse the trial court's judgment on procedural grounds, we make no determination whether these materials, submitted without affidavit, would properly be considered under Civ.R. 56(C).  *See, e.g., State ex rel. Freeman v. Morris*, 62 Ohio St.3d 107, 579 N.E.2d 702 (1991).

{¶5} Res judicata is not a proper basis for dismissal under Civ.R. 12. *Jefferson v. Bunting*, 140 Ohio St.3d 62, 2014-Ohio-3074, 14 N.E.3d 1036, ¶ 10. Res judicata is an affirmative defense under Civ.R. 8(C), and is not one of the defenses that may be raised in a Civ.R. 12(B) motion to dismiss in the absence of some clear admission on the face of the complaint. *See id.*

{¶6} Moreover, resolution of a res judicata defense typically depends on materials outside the pleadings. *See State ex rel. West v. McDonnell*, 139 Ohio St.3d 115, 2014-Ohio-1562, 9 N.E.3d 1025, ¶ 16. But a trial court may not rely on evidence or allegations outside the complaint to determine a Civ.R. 12(B)(6) motion to dismiss. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997).

{¶7} Where a res judicata defense depends on matters outside the pleadings, and the trial court considers the extraneous materials in ruling on the motion, the court should convert the motion to dismiss into a motion for summary judgment and provide the nonmoving party with notice and an opportunity to be heard. *Jefferson* at ¶ 12; *see* Civ.R. 12(B).

{¶8} Notice is required to give parties a reasonable opportunity to demonstrate that a genuine issue of fact exists. *See Dietelbach v. Ohio Edison Co.*, 11th Dist. Trumbull No. 2004-T-0063, 2005-Ohio-4902, ¶ 12. In *Hooten v. Safe Auto Ins. Co.*, 100 Ohio St.3d 8, 2003-Ohio-4829, 795 N.E.2d 648, ¶ 34, the Supreme Court of Ohio explained:

> One of the overriding goals of Civ.R. 56 is fundamental fairness to all litigants, given the high stakes involved when summary judgment is sought. *See Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 360, 604 N.E.2d 138 (because summary judgment terminates litigation without the benefit of a trial on the merits, compliance with the letter and spirit of the rule is of paramount importance). Civ.R. 56's

3

procedural fairness requirements place significant responsibilities on all parties and judges to ensure that summary judgment should be granted only after all parties have had a fair opportunity to be heard. *See Petrey v. Simon* (1983), 4 Ohio St.3d 154, 4 OBR 396, 447 N.E.2d 1285, paragraphs one and two of the syllabus.

{¶9} A trial court's failure to notify the parties of its intention to convert a motion to dismiss for failure to state a claim into a motion for summary judgment constitutes error. *See Jefferson*, 140 Ohio St.3d 62, 2014-Ohio-3074, 14 N.E.3d 1036, at ¶ 12-13; *State ex rel. The V Cos. v. Marshall*, 81 Ohio St.3d 467, 471, 692 N.E.2d 198 (1998). However, the error is not always prejudicial error. For example, courts generally disregard such an error as harmless if (1) both parties rely on evidence outside the complaint, (2) the nonmoving party had sufficient notice and an opportunity to respond, and (3) no prejudice results. *See Rice v. Lewis*, 4th Dist. Scioto No. 13CA3551, 2013-Ohio-5890, ¶ 16; *Harris v. Pro-Lawn Landscaping, Inc.*, 8th Dist. Cuyahoga No. 97302, 2012-Ohio-498, ¶ 10; *EMC Mtge. Corp. v. Jenkins*, 164 Ohio App.3d 240, 2005-Ohio-5799, 841 N.E.2d 855, ¶ 12-14 (10th Dist.); *Dietelbach*, 11th Dist. Trumbull No. 2004-T-0063, 2005-Ohio-4902, at ¶ 13.

{¶10} In this case, we assume that the trial court based its decision on matters outside the pleadings. The court referred both to a motion to dismiss and a motion for summary judgment in its entry. If the court was granting the motion to dismiss, dismissal was improper under Civ.R. 12(B) and granting the motion to dismiss was error. If the court converted Lewin's motion to dismiss into a motion for summary judgment, the record does not reflect that the trial court notified Ralls of its intention to convert the motion or that he had an opportunity to demonstrate that a genuine issue of material fact existed. While it is true that Ralls did not file a memorandum in opposition to the motion to dismiss, we cannot say that he would not have opposed a motion for summary judgment with appropriate materials.

4

{**¶11**}   Under these circumstances, we conclude that the trial court's failure to notify Ralls of its intention to convert the motion to dismiss into a motion for summary judgment was not harmless error.   *See Gardner v. Paxton*, 4th Dist. Washington No. 17CA22, 2018-Ohio-52, ¶ 11-12.   The court erred by relying on evidence outside the complaint and by failing to give notice to Ralls of its intent to do so.   *See Krohn v. Krohn*, 2017-Ohio-408, 84 N.E.3d 249, ¶ 26 (6th Dist.); *Eichenberger v. Woodlands Assisted Living Residence, LLC*, 10th Dist. Franklin No. 12-AP-987, 2013-Ohio-4057, ¶ 19-20.

{**¶12**}   Because the trial court relied on materials outside the pleadings, we hold that the court erred by dismissing the action pursuant to Civ.R. 12(B)(6) and by entering summary judgment pursuant to Civ.R. 56 without notice to Ralls. Therefore, we sustain the assignments of error.   We reverse the trial court's judgment and remand this matter for further proceedings in accordance with law and this opinion.

Judgment reversed and cause remanded.

**MOCK, P.J.,** and **BERGERON, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.