[Cite as *Ora v. Fitness Internatl., L.L.C.*, 2021-Ohio-2824.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| UZI ORA, | : | APPEAL NO. C-200008 |
| | | TRIAL NO. A-1604783 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| FITNESS INTERNATIONAL, LLC., | : | |
| d.b.a LA FITNESS, | | |
| Defendant-Appellee. | : | |


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Case Remanded

Date of Judgment Entry on Appeal: August 13, 2021


*Uzi Ora*, pro se,

*Lupo & Kockzur, P.C.*, and *Paul S. Kockzur,* for Defendant-Appellee.

**Bock, Judge.**

{¶1}   Plaintiff-appellant Uzi Ora sued Fitness International, LLC, d.b.a. LA Fitness ("LA Fitness") in both state and federal court, asserting civil rights violations. The state court stayed Ora's case pending the resolution of the federal case. After the federal court granted summary judgment in favor of LA Fitness, LA Fitness moved for dismissal of Ora's state claims based on res judicata.

{¶2}   Because we find procedural errors requiring reversal, we do not reach the merits of Ora's appeal.

## Facts and Procedure

{¶3}   In February 2018, LA Fitness moved for summary judgment in federal court, asserting that it had terminated Ora's membership for legitimate reasons. The trial court granted the motion. Ora appealed to the Sixth Circuit Court of Appeals, but his appeal was dismissed for want of prosecution.

{¶4}   In October 2019, LA Fitness filed a motion to dismiss the state court claims, arguing that the federal case had been dismissed by both the federal trial court and the Sixth Circuit. LA Fitness attached a number of exhibits to its motion to dismiss, including documents from the federal case. The state court granted the motion to dismiss on grounds of res judicata.

{¶5}   On appeal, Ora argues that his federal case against LA Fitness was not dismissed on the merits. LA Fitness argues that the federal court's granting of the motion for summary judgment was a valid judgment on the merits because it was granted after the federal court considered the evidence that was attached to LA Fitness's motion.

2

## **Procedural Issue**

{¶6}  We do not reach the merits of this case because this court recently determined that it is improper to grant a motion to dismiss based on res judicata. *Ralls v. Lewin*, 1st Dist. Hamilton No. C-180526, 2019-Ohio-3302, ¶ 5, citing *Jefferson v. Bunting*, 140 Ohio St.3d 62, 2014-Ohio-3074, 14 N.E.3d 1036, ¶ 10. Resolution of res judicata arguments generally depends on evidence that is outside of the complaint and a trial court may not rely on evidence or allegations outside of a complaint in order to determine a motion to dismiss. *Id.* at ¶ 6.

{¶7}  LA Fitness's motion to dismiss contained materials outside of the complaint. "Where a res judicata defense depends on matters outside the pleadings, and the trial court considers the extraneous materials in ruling on the motion, the court should convert the motion to dismiss into a motion for summary judgment and provide the nonmoving party with notice and an opportunity to be heard." *Id.* at ¶ 7. The trial court did not convert the motion to dismiss into a motion for summary judgment and did not provide Ora notice and an opportunity to be heard. Therefore, the trial court's dismissal of the complaint was improper.

## **Conclusion**

{¶8}  The trial court improperly dismissed the complaint on grounds of res judicata because it considered materials outside of the complaint in ruling on the motion to dismiss. Therefore, we do not reach the merits of Ora's appeal. We reverse the trial court's judgment and remand this case to the trial court to conduct proceedings consistent with this opinion.

Judgment reversed and case remanded.

**ZAYAS, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion