# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, EX REL. JOSEPH FRASURE, | : | APPEAL NO. C-240537<br>TRIAL NO. A-2300979 |
| | : | |
| Relator-Appellant, | | |
| | : | |
| vs. | | *JUDGMENT ENTRY* |
| | : | |
| CITY OF WYOMING POLICE DEPARTMENT, | : | |
| | | |
| CITY OF WYOMING, | : | |
| | | |
| and | : | |
| | | |
| HAMILTON COUNTY SHERIFF'S DEPARTMENT, | : | |
| | : | |
| Respondents-Appellees. | | |
| | : | |

This cause was heard upon the appeal, the record, and the briefs.

The judgment of the trial court is affirmed as modified in part, reversed in part, and the cause is remanded for the reasons set forth in the Opinion filed this date.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs are taxed 50 percent to relator-appellant and 50 percent to respondents-appellees.

The court further orders that 1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and 2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 5/16/2025 per order of the court.**

**By:**_____
        **Administrative Judge**

[Cite as *State ex rel. Frasure v. Wyoming Police Dept.*, 2025-Ohio-1751.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |  |
|---|---|---|---|
| STATE OF OHIO, EX REL. JOSEPH FRASURE, | : | APPEAL NO. | C-240537 |
|  |  | TRIAL NO. | A-2300979 |
|  | : |  |  |
| Relator-Appellant, |  |  |  |
|  | : |  |  |
| vs. |  | *O P I N I O N* |  |
|  | : |  |  |
| CITY OF WYOMING POLICE DEPARTMENT, | : |  |  |
|  | : |  |  |
| CITY OF WYOMING, | : |  |  |
|  |  |  |  |
| and | : |  |  |
|  |  |  |  |
| HAMILTON COUNTY SHERIFF'S DEPARTMENT, | : |  |  |
|  | : |  |  |
| Respondents-Appellees. |  |  |  |
|  | : |  |  |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed as Modified in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: May 16, 2025

*Glenda A. Smith*, for Relator-Appellant Joseph Frasure,

*Strauss Troy Co., LPA,* and *Emily Supinger,* for Respondents-Appellees Wyoming Police Department and the City of Wyoming,

*Connie M. Pillich*, Hamilton County Prosecuting Attorney, *James Sayre* and *Michael J. Friedmann*, Assistant Prosecuting Attorneys, for Respondent-Appellee the Hamilton County Sheriff's Department.

**CROUSE, Judge.**

**{¶1}** This appeal involves Ohio's Public Records Act. We are asked to determine whether the trial court erred in dismissing relator-appellant Joseph Frasure's amended petition for a writ of mandamus that sought to compel respondents-appellees the Wyoming Police Department, the City of Wyoming, and the Hamilton County Sheriff's Department ("HCSD") to produce various records that he had requested and, relatedly, requested statutory damages, attorney fees, and costs.

**{¶2}** We hold that the trial court properly determined that Frasure's mandamus claim was moot, but that, in light of such determination, the trial court should have denied Frasure's petition for a writ of mandamus, rather than dismissing it. We further hold that the trial court erred in dismissing Frasure's requests for statutory damages, attorney fees, and court costs, because the court relied upon material outside of the petition to do so.

## I. Factual and Procedural History

**{¶3}** On January 30, 2023, an officer-involved shooting in Wyoming resulted in the death of Frasure's son. Frasure filed a petition for a writ of mandamus in the Hamilton County Court of Common Pleas on March 9, 2023, against the Wyoming Police Department and the HCSD. The petition named both Frasure and his attorney as relators, and it stated that they sought to compel the disclosure of the officers' statements and reports regarding the shooting. It alleged that the relators had submitted a public-records request to the Wyoming Police Department on February 1, 2023, and were told to contact the HCSD; that the relators received body-camera footage, a police recording of a call of suspicious activity, and "incident reports involving 320 Durrell" on February 3, 2023, but did not receive incident reports involving the shooting; and that, on February 8, 2023, the relators sent another

request for "missing reports" and were again told by the Wyoming Police Department to contact the HCSD.

{¶4} Service of the summons and petition were sent by certified mail to both respondents.

{¶5} On March 30, 2023, the Wyoming Police Department filed a motion to dismiss the petition. The motion argued that (1) the petition was procedurally deficient because it was not brought by a proper party, i.e., was not brought in the name of the state on the relation of Frasure, (2) the petition was not brought against a proper party because the Wyoming Police Department is not sui juris, and (3) the petition failed to state a claim upon which relief could be granted because it did not allege the necessary requisites to sustain an action in mandamus. On this last point, the motion contended that the factual allegations in the petition established that Wyoming had advised the relators that the requested documents were in the possession of the HCSD and did not withhold any records.

{¶6} On April 14, 2023, before the trial court could rule on the motion to dismiss, Frasure filed a motion for leave to file an amended petition for a writ of mandamus for the purpose of adding "State ex rel. Frasure" to the caption, removing Frasure's attorney as a relator, adding the City of Wyoming as a respondent, and adding allegations concerning "Realtor's [sic] attempts to get records from the Sheriff's Department and April 7th and 11th public records requests." That same date, Frasure filed an amended petition for a writ of mandamus that incorporated the aforementioned changes and information.

{¶7} The amended petition named as respondents the City of Wyoming, the Wyoming Police Department, and the HCSD. In addition to the allegations that were contained in the original petition, the amended petition alleged that Frasure

submitted a public-records request to the HCSD via the department's website on February 1, 2023; that Frasure faxed a public-records request to the HCSD on February 8, 2023; that on February 7 and 11, 2023, Frasure sent additional public-records requests to the City of Wyoming and the HCSD;[1] and that the respondents had not provided him with the requested records. The amended petition sought to compel the disclosure of the requested records and asked for statutory damages pursuant to R.C. 149.43(B)(1), attorney fees, and costs.

{¶8} Various exhibits were attached to the amended petition. These included (1) the City of Wyoming's email response to Frasure's February 1, 2023 public-records request, stating that it would release the body-camera footage on February 3, 2023, and directing Frasure to submit his request to the HCSD, which was the entity handling the investigation, (2) the February 8, 2023 public-records request submitted to the Wyoming Police Department, (3) the City of Wyoming's response via email to the February 8, 2023 public-records request, stating that a flash drive with the body-camera footage was available for pick up at the Wyoming Police Station and that Wyoming did not have any of the remaining documents that were requested, and directing Frasure to submit his request to the HCSD, (4) a February 1, 2023 public-records request submitted to the HCSD, along with the HCSD's response directing Frasure to direct his request to the Hamilton County Prosecutor's Office ("HCPO"), (5) the February 8, 2023 public-records request submitted to the HCSD, (6) the April 7, 2023 public-records request submitted to the Wyoming Police Department, and (7) three separate public-records requests submitted to the HCSD, the Wyoming Police Department, and the HCPO on April 11, 2023.

---

[1] These requests were actually sent April 7 and 11, 2023.

{¶9} On April 19, 2023, the City of Wyoming and the Wyoming Police Department ("the Wyoming respondents" or "Wyoming") filed a motion to dismiss the amended petition for a writ of mandamus. The motion reiterated several of the procedural arguments that had been raised in the motion to dismiss the original petition, specifically that the petition still was not brought by or against a proper party. Additionally, the motion to dismiss contended that the amended petition failed to allege the necessary elements to support a claim for mandamus and argued that the petition failed to state a claim upon which relief could be granted because the allegations in the amended petition, along with the supporting exhibits, established that the Wyoming respondents had fully complied with the February 1 and 8 public-records requests and did not violate Ohio's public-records law. With respect to the April 7 and 11 public-records requests, the Wyoming respondents argued that they were not given a reasonable amount of time to comply with these requests prior to Frasure filing the amended petition for a writ of mandamus on April 12, 2023.

{¶10} On May 15, 2023, Frasure filed a motion for a default judgment against the HCSD because it had failed to plead or otherwise defend against the petition.

{¶11} On May 31, 2023, service of the original petition for a writ of mandamus on the HCSD was returned as "not deliverable as addressed." The HCSD was subsequently served via regular mail on June 27, 2023.

{¶12} On July 25, 2023, the HCSD filed a motion to dismiss. It argued that the petition for a writ of mandamus contained no allegations that a public-records request was sent to the HCSD, and that the only allegation in the complaint pertaining to the HCSD was that it is a public office for the purposes of R.C. 149.43. This motion to dismiss addressed the original, rather than the amended, petition for a writ of mandamus.

6

{¶13} On August 10, 2023, the trial court denied Frasure's motion for a default judgment against the HCSD.[2]

{¶14} On September 15, 2023, Frasure filed a motion for summary judgment. This motion set forth additional factual allegations that were not in the amended petition for a writ of mandamus, including that, on February 3, 2023, the HCPO told Frasure that it would provide some records after a press conference was held, stated that the shooting of Frasure's son was justified, and released video footage to Frasure. The motion further alleged that the HCSD provided Frasure with a police report from a noneyewitness on March 16, 2023, and subsequently emailed Frasure additional public records on July 6, 2023.

{¶15} In his summary-judgment motion, Frasure conceded that all requested public records had been provided. But he argued that he was nonetheless entitled to judgment as a matter of law and to statutory damages, attorney fees, and costs because he was denied the records for many months before they were provided.

{¶16} Frasure attached multiple exhibits to his motion, including Wyoming's response to Frasure's April 7 and 11, 2023 public-records requests. Wyoming's response, which was an April 11, 2023 email, stated that two of the three personnel files that Frasure had asked for in the April 7 public-records request were attached and that the third file would be sent in a separate email. It further stated that, with the exception of the body-camera footage that was on a flash drive and available for pickup at the Wyoming Police Department and a police report that was attached to the email, all other records sought in the April 11 request would have to be requested from the

---

[2] On October 6, 2023, Frasure appealed from the trial court's entry denying his motion for a default judgment. This court dismissed Frasure's appeal as untimely on October 25, 2023. *See* Entry of Dismissal, *State ex rel. Frasure v. City of Wyoming*, 1st Dist. No. C-230488 (Oct. 25, 2023).

HCSD. Frasure's motion also attached a July 6, 2023 email from the HCSD that included a link to ZIP file archives containing all remaining records that had been requested by Frasure and that had not been provided in the initial response from the HCSD on March 16, 2023.

{¶17} On October 13, 2023, the Wyoming respondents filed a memorandum in opposition to Frasure's motion for summary judgment. The memorandum again pointed out the procedural deficiencies in Frasure's petition, and it additionally argued that Frasure's claims against the Wyoming respondents were moot because, as Frasure conceded, all requested records had been received.

{¶18} On October 19, 2023, the trial court granted Frasure's motion to file the amended petition for a writ of mandamus.

{¶19} On November 7, 2023, the HCSD filed an answer to Frasure's amended petition, asserting that the amended petition failed to state a claim upon which relief can be granted, that Frasure had no clear legal right to the requested relief, and that the amended petition was moot. In the answer, the HCSD asked the trial court to dismiss the amended petition with prejudice.

{¶20} Then, on November 22, 2023, the HCSD filed a memorandum in opposition to Frasure's motion for summary judgment arguing that Frasure had abandoned any argument that he did not receive the requested documents. The HCSD contended that it had timely responded to all public-records requests, and it attached an affidavit from record custodian Jessica Kober outlining the responses that the HCSD had provided to Frasure's various requests.

{¶21} Nearly a year later, in an entry dated September 9, 2024, the trial court granted the motions to dismiss filed by the Wyoming respondents and the HCSD and overruled Frasure's motion for summary judgment. The entry stated that "all records

8

have been provided to the realtor [sic]. To that extent, his summary judgment motion is overruled, and Wyoming['s] and the HCSD's motion[s] to dismiss are granted." The court further found that none of the respondents had failed to timely respond and that attorney fees were not warranted. In support, the trial court stated that Wyoming had turned over all materials to the HCSD almost immediately after the shooting, and that "the HCSD was within its statutory rights to withhold materials that were subject to confidential law enforcement investigatory records exemptions."

**{¶22}** Frasure now appeals.

## II. *Dismissal of the Petition for a Writ of Mandamus*

**{¶23}** In his first assignment of error, Frasure argues that the trial court erred in granting the motions to dismiss his amended petition for a writ of mandamus. In support of this argument, he contends that he "could and did prove a set of facts alleged in the complaint."

**{¶24}** "'Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act.'" *State ex rel. Community Press v. Blue Ash*, 2018-Ohio-2506, ¶ 8 (1st Dist.), quoting *State ex rel. Cincinnati Enquirer, Div. of Gannett Satellite Information Network, Inc. v. Dupuis*, 2002-Ohio-7041, ¶ 11. A party seeking a writ of mandamus must establish, by clear and convincing evidence, "(1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Martin v. Greene*, 2019-Ohio-1827, ¶ 6. Where a relator utilizes mandamus to seek a public record, he or she need not establish the third element, the lack of an adequate remedy at law. *Community Press* at ¶ 8; *State ex rel. Ames v. Concord Twp. Bd. of Trustees*, 2025-Ohio-1027, ¶ 29.

**{¶25}** Here, the trial court granted the motions to dismiss Frasure's amended

petition for a writ of mandamus after finding that the claim for mandamus was moot, that the requested records had been timely provided, and that the HCSD had been within its statutory right to withhold materials that were subject to a confidential-law-enforcement-investigatory-records exemption under R.C. 149.43(A)(1)(h). The trial court implicitly declined to award statutory damages and costs to Frasure based on its finding that there had been no violation of Ohio's Public Records Act.

{¶26} "A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of the complaint." *Bruemmer v. Gilligan*, 2024-Ohio-6039, ¶ 42 (1st Dist.). When ruling on a Civ.R. 12(B)(6) motion to dismiss, a trial court "must take all the allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* In the mandamus context, before a Civ.R. 12(B)(6) motion to dismiss may be granted, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling it to the extraordinary relief of mandamus." *Rural Bldg. of Cincinnati, L.L.C. v. Evendale*, 2015-Ohio-1614, ¶ 10 (1st Dist.). A trial court is not permitted to consider evidence outside of the pleadings when ruling on a Civ.R. 12(B)(6) motion, "but it may consider materials that are referred to or incorporated into the complaint." *Bruemmer* at ¶ 42. We review a trial court's ruling on a Civ.R. 12(B)(6) motion to dismiss de novo. *Id.*

{¶27} We separately address the trial court's dismissal of the mandamus claim and its dismissal of Frasure's request for statutory damages, attorney fees, and costs.

### A. Claim for Mandamus is Moot

{¶28} The trial court dismissed Frasure's mandamus claim after finding that "realtor's [sic] underlying reason for filing the mandamus action—obtaining the investigation records pursuant to his [public records] requests—is moot. All records have been provided to the realtor [sic]."

**{¶29}** "A public-records mandamus claim generally becomes moot when the public office provides the requested documents*." State ex rel. Frank v. Clermont Cty. Prosecutor*, 2021-Ohio-623, ¶ 15*; see State ex rel. White v. Aveni*, 2024-Ohio-1614, ¶ 16 ("Mandamus and procedendo claims become moot when a respondent carries out the requested duty.").

**{¶30}** Frasure submitted public-records requests to Wyoming on February 1, February 8, April 7, and April 11. Public-records requests were submitted to the HCSD on February 1, February 8, and April 11. For the trial court to have properly found that Frasure's mandamus claim was moot, the record must establish that the respondents complied with each of these public-records requests.

**{¶31}** The exhibits attached to Frasure's amended petition for a writ of mandamus established that the Wyoming respondents complied with the February 1 and February 8 public-records requests and turned over all records that were in their possession. But the amended petition contained no evidence addressing the Wyoming respondents' compliance with the April 7 and April 11 public-records requests or the HCSD's compliance with any of the requests that it had received. Rather, evidence establishing the respondents' compliance with these public-records requests was attached to Frasure's motion for summary judgment and the HCSD's response thereto. Further, Frasure conceded in his motion for summary judgment that he had received all the records that had been requested.

**{¶32}** While a trial court is generally not permitted to consider evidence outside the complaint when considering a motion to dismiss, *Bruemmer*, 2024-Ohio-6039, at ¶ 42 (1st Dist.), "[a]n exception to that rule exists, however, when an event causes a case to become moot." *White*, 2024-Ohio-1614, at ¶ 14. "[A] court may consider matters outside of the complaint to determine that an action is moot." *State*

*ex rel. Cornely v. McCall*, 2020-Ohio-6747, ¶ 21 (8th Dist.); *accord Andrew v. Dennis*, 2022-Ohio-2567, ¶ 7 (1st Dist.) ("We may consider evidence outside of the record to determine if a case is moot.").

**{¶33}** In determining whether Frasure's mandamus claim was moot, the trial court was permitted to consider not only the materials attached to the amended petition for a writ of mandamus, but also the materials attached to Frasure's motion for summary judgment and the HCSD's response to that motion. And these materials established that the respondents had complied with the various public-records requests that they had received. We accordingly hold that the trial court did not err in finding that the mandamus claim was moot.

**{¶34}** However, in *Ames*, 2025-Ohio-1027, at ¶ 33, the Court held that "upon finding that a writ claim is moot, the correct disposition is to deny the writ." We therefore modify the trial court's judgment to reflect that the claim for mandamus was denied as moot, rather than dismissed.

### B. Requests for Statutory Damages, Attorney Fees, and Costs

**{¶35}** A determination that a mandamus claim seeking to compel the production of records is moot does *not* mean that a relator's requests for related statutory damages, attorney fees, and costs are similarly moot. *Martin,* 2019-Ohio-1827, at ¶ 8 (holding that a ruling that a claim for a writ of mandamus is moot does not render a claim for statutory damages and court costs moot); *accord State ex rel. Woods v. Lawrence Cty. Sheriff's Office*, 2023-Ohio-1241, ¶ 6-7. We must separately consider whether the trial court erred in dismissing these requests.

**{¶36}** The trial court dismissed Frasure's requests for statutory damages, attorney fees, and costs based on its determination that all requested records had been timely provided and that the HCSD was within its statutory right to withhold

materials. In so determining, the trial court relied on evidence outside of the amended petition for a writ of mandamus. As previously discussed, the evidence attached to the amended petition only established the Wyoming respondents' timely compliance with the February 1 and February 8 public-records requests. Evidence establishing the Wyoming respondents' compliance with the two April public-records requests and the HCSD's compliance with all public-records requests, as well as the evidence establishing whether the respondents' compliance was timely, was attached to Frasure's motion for summary judgment and the memorandum in opposition thereto.

**{¶37}** While the trial court, when ruling on a Civ.R. 12(B) motion to dismiss, was entitled to rely on materials outside of the amended petition to determine whether the mandamus claim was moot, it was not entitled to do so when considering the merits of Frasure's requests for statutory damages, attorney fees, and costs. The Ohio Rules of Civil Procedure provide a mechanism for a trial court to consider such materials. Civ.R. 12(B) allows a trial court to convert a motion to dismiss into a motion for summary judgment if the court intends to consider materials outside of the pleading. The rule provides as follows:

> When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided, however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.

Civ.R. 12(B); *see also Bonifacio v. Raymond Storage Concepts, Inc.*, 2022 Ohio App.

LEXIS 81, ¶ 10 (1st Dist.).

**{¶38}** In determining whether the requested records were timely provided, the trial court was obligated to convert the motions to dismiss into motions for summary judgment *before* considering exhibits extraneous to the amended petition, and it was obligated to notify the parties that it intended to do so. *Bonifacio* at ¶ 14-15; *see also Ora v. Fitness Internatl., L.L.C.*, 2021-Ohio-2824, ¶ 7 (1st Dist.) (holding that a trial court's dismissal of a complaint was improper where the trial court considered matters outside of the pleadings, did not convert the motion to dismiss into a motion for summary judgment, and did not provide plaintiff notice or an opportunity to be heard). The trial court failed to do so.

**{¶39}** We therefore hold that the trial court erred in considering materials extraneous to the amended petition for a writ of mandamus to determine that the respondents had timely complied with the public-records requests, and that it consequently erred in dismissing Frasure's requests for statutory damages, attorney fees, and costs based on that determination.

**{¶40}** The first assignment of error is accordingly sustained in part and overruled in part. Our resolution of the first assignment of error renders moot Frasure's remaining three assignments of error, in which he argues that the trial court erred in finding that the records had been timely provided, that the trial court erred in finding that the HCSD was within its statutory rights to withhold the records, and that the trial court erred in not addressing his claim for statutory damages and costs.

### III. Conclusion

**{¶41}** The trial court's dismissal of Frasure's requests for statutory damages, attorney fees, and costs is reversed. Its determination that Frasure's mandamus claim was moot is affirmed, but we modify the trial court's judgment to reflect that the writ

14

claim was denied as moot, rather than dismissed. This cause is remanded for further proceedings consistent with the law and this opinion.

Judgment accordingly.

**ZAYAS, P.J.,** and **NESTOR, J.,** concur.