[Cite as *Siniscalchi v. K. Hovnanian Meadow Lakes, L.L.C.*, 2026-Ohio-1777.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

SHANE SINISCALCHI, ET AL.,  :

    Plaintiffs-Appellants,  :

                    No. 115700

    v.  :

K. HOVNANIAN MEADOW LAKES,  :
LLC, ET AL.,

    Defendants-Appellees.  :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:**  REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:**  May 14, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-25-112609

---

### *Appearances:*

Fortney Law, LLC and Michael R. Fortney, *for appellants*.

Dworken & Bernstein Co., L.P.A. and Richard N. Selby, II,
*for appellees*.

---

EILEEN A. GALLAGHER, J.:

{¶ 1} Shane Siniscalchi and Eric Velazquez ("Buyers") appeal the trial court's dismissal of their complaint against K. Hovnanian Meadow Lakes, LLC and K. Hovnanian Companies, LLC ("Builder") for spoliation of evidence and the court's

awarding Builder sanctions and attorney fees against Buyers in the amount of $11,762.50. For the reasons that follow, we reverse the trial court's judgments and remand this case for further proceedings consistent with this opinion.

## I.    Facts and Procedural History

{¶ 2}    On September 1, 2020, Buyers and Builder entered into a contract in which Buyers agreed to buy and Builders agreed to build and sell a house located at 6911 Hatching Way in North Ridgeville, Ohio (the "Property"). Buyers took possession of the Property in April 2021 and, at that time, issues arose concerning lack of drainage in the backyard and water infiltration into the basement.

{¶ 3}    On March 21, 2022, Buyers' attorney sent notice to Builder of potential litigation should Builder not resolve the water-drainage issue.

{¶ 4}    On June 6, 2022, Buyers filed a complaint in the Lorain County Common Pleas Court alleging breach of contract, violations of R.C. Ch. 4722, fraud, violations of Ohio's Racketeering Influenced and Corrupt Organizations statute and civil conspiracy. *See Siniscalchi v. K. Hovnanian Meadow Lakes, LLC*, Lorain County C.P. No. 22CV206129 (the "Lorain County case"). The Lorain County case went to binding arbitration in January 2024. This in-person arbitration took place in Cleveland, Ohio. On May 1, 2024, the arbitrator found in favor of Buyers on the breach-of-contract claim only and issued an award in the amount of $33,214.83. The arbitrator further found that Buyers' remaining claims failed because, essentially, they did not prove that Builder intended to mislead them. Buyers filed a motion to vacate or modify the arbitration award in the Lorain County case, which

was denied by the trial court. Additionally, the trial court in the Lorain County case found that Buyers "engaged in frivolous conduct in the filing of their Motion to Vacate" and awarded $9,878.70 in legal fees and costs in favor of Builder and against Buyers.

{¶ 5} On February 24, 2025, Buyers filed another complaint against Builder, this time in the Cuyahoga County Common Pleas Court, alleging spoliation of evidence and fraud. On May 9, 2025, Buyers filed an amended complaint alleging only spoliation of evidence. Buyer's amended complaint is the basis of this appeal. The gist of Buyer's claim is that Builder failed to produce, and in fact deleted or destroyed, emails and text messages during discovery in the Lorain County case. According to Buyers, this evidence would have shown that Builder intended to mislead Buyers about the drainage and water issues at the Property. Buyers further alleged that Builder "cited a supposed policy calling for deletion of all emails, company-wide, after one year," but Builder failed to produce evidence of this during the Lorain County case. Buyers also alleged that Builder's "policy directly conflicts with Ohio law relative to spoliation of evidence."

{¶ 6} On May 20, 2025, Builder filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6), arguing two points: first, "Buyers have not alleged the requisite elements of the [spoliation] claim"; and second, Buyers' claim was barred by the doctrine of res judicata. Builder's motion to dismiss additionally requested that the court award sanctions against Buyers for frivolous conduct under Civ.R. 11 and R.C. 2323.51.

**{¶ 7}** On July 29, 2025, the trial court issued a journal entry granting Builder's motion to dismiss the spoliation claim based on res judicata. Relevant to this case, the court's journal entry cited footnote one of the arbitration award, which addressed why Buyers' claims in the Lorain County case, other than breach of contract, failed. The footnote states, in part, as follows:

> [Buyers] attempt to remedy the missing elements of knowledge of falsity and intent to mislead [by] contend[ing] that [Builder] should be subject to a claim for spoliation of evidence or an adverse inference as to missing evidence. *No claim for spoliation of evidence was alleged in the [complaint].* Furthermore, the necessary elements have not been established . . . . At the very least, there is no proof of willful destruction of evidence.
>
> An adverse inference would not be appropriate either. . . . Here, [Builder] explained the policy relating to deletion of emails and texts thereby properly accounting for the documentary evidence questioned.

(Emphasis added.)

**{¶ 8}** The court's journal entry dismissing the spoliation claim made the following findings:

> On 05/01/24, the arbitrat[or] concluded that [Buyers'] claims for spoliation failed [and] the necessary elements have not been established.
>
> . . .
>
> Pursuant to *Lycan* [*v. Cleveland*], 2022-Ohio-4676, this court concludes as follows:
>
>> (1) A prior final, valid decision on the merits of [Buyers'] claims of spoliation was issued [in the Lorain County case by] a court of competent jurisdiction, and by confirmation of arbitration . . . ;

(2) A second action, which is the instant case, involving the same parties, or their privies, as the first was field and is currently pending before this court;

(3) This second action raises claims of spoliation that were or could have been litigated in the first action; and,

(4) This second action arises out of the transaction or occurrence that was the subject matter of the previous action.

This court further concluded that the claims of spoliation which [Buyers] bring[] before this court in their first amended counterclaim [sic], filed 05/09/25, are barred by res judicata, as these claims have already been fully litigated in [the Lorain County case], and in a prior arbitration ordered by [the] court [in the Lorain County case].

Therefore, this case is dismissed.

{¶ 9} On September 12, 2025, after a hearing, the court granted Builder's unopposed motion for sanctions, finding that Buyers' filing of this spoliation case "despite the failure of [Buyers'] spoliation claims [in the Lorain County case] rise[s] to the level of egregious conduct." The court awarded Builder $11,762.50 in attorney fees and costs.

{¶ 10} Buyers appeal from these two journal entries raising the following assignments of error.

I. The trial court erred when it determined that the principle of res judicata bars Appellants' spoliation claim.

II. The trial court erred when it dismissed Appellants' claim.

III. The trial court erred when it awarded attorney's fees to Appellees.

## II. Law and Analysis

### A. Motion to Dismiss and Res Judicata

#### 1. Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted

{¶ 11} Appellate courts review a trial court's ruling on a Civ.R. 12(B)(6) motion to dismiss under a de novo standard. *Hersh v. Grumer*, 2021-Ohio-2582, ¶ 5. "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint . . . . Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party." *NorthPoint Props. v. Petticord*, 2008-Ohio-5996, ¶ 11 (8th Dist.). A motion to dismiss under Civ.R. 12(B)(6) "can only be granted when it appears beyond doubt from the complaint that the plaintiff can prove no set of facts entitling her to relief." *Grey v. Walgreen Co.*, 2011-Ohio-6167, ¶ 3 (8th Dist.). *See also State ex rel. Scott v. Cleveland*, 2006-Ohio-6573, ¶ 26 (A "Civ.R. 12(B)(6) determination cannot rely on *factual allegations* or *evidence* outside the complaint . . . ." (Emphasis in original.)).

{¶ 12} Pursuant to Civ.R. 8(A), a cause of action in a complaint "shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled."

#### 2. Res Judicata

{¶ 13} Whether a trial court erred by applying the doctrine of res judicata is a question of law that appellate courts review de novo without deference to a trial court's decision. *Lycan,* 2022-Ohio-4676, at ¶ 21. "Res judicata bars a party from

relitigating a claim or issue that has already been decided on the merits by a court of competent jurisdiction in a valid, final judgment in a prior proceeding." *Fast Tract Title Servs. v. Barry*, 2024-Ohio-5216, ¶ 21 (8th Dist.). This court has held that a claim is barred by res judicata "when the following four elements are met: (1) there is a final, valid decision on the merits by a court of competent jurisdiction; (2) there is a second action that involves the same parties, or their privies, as the first action; (3) the second action raises claims that were or could have been litigated in the first action; and (4) the second action arises out of a transaction or occurrence that was the subject matter of the first action." *Daniel v. Shorebank Cleveland*, 2010-Ohio-1054, ¶ 13 (8th Dist.).

### 3. Res Judicata May Not be Raised in Civ.R. 12(B) Motions to Dismiss

{¶ 14} In *Jefferson v. Bunting*, 2014-Ohio-3074, ¶ 10, the Ohio Supreme Court held as follows: "Res judicata is an affirmative defense. Civ.R. 8(C). It is not included in the list of defenses that may be raised in a Civ.R. 12(B) motion to dismiss. For this reason, we have held that res judicata is not a proper basis for dismissal under Civ.R. 12." *See also State ex rel. Freeman v. Morris*, 62 Ohio St.3d 107, 109 (1991) ("[T]he defense of res judicata may not be raised by motion to dismiss under Civ.R. 12 (B)."). "The *Freeman* rule is consistent with the general proposition that courts cannot rely on evidence or allegations outside the complaint to decide a Civ.R. 12(B)(6) motion to dismiss." *Jefferson* at ¶ 11.

### 4. Analysis

{¶ 15} Upon review, we find that the trial court erred by dismissing this case pursuant to a Civ.R. 12(B)(6) motion to dismiss both under the doctrine of res judicata and for failure to state a claim upon which relief can be granted.

{¶ 16} It is well-established that res judicata is not a proper basis for dismissal under Civ.R. 12(B)(6). *See Jefferson* and *Freeman.* Additionally, the doctrine of res judicata does not bar Buyers' spoliation claim in this case because the first prong of the res judicata test cannot be met. Specifically, there was no previous final judgment on the merits of a spoliation claim because, according to the arbitrator's award that was attached to Buyers' amended complaint, no spoliation claim was brought in the Lorain County case.

{¶ 17} To the extent that Builder's motion to dismiss is based on failure to state a claim upon which relief can be granted — notwithstanding res judicata — we review the allegations of spoliation of evidence in the amended complaint.

{¶ 18} In *Smith v. Howard Johnson Co.*, 67 Ohio St.3d 28, 29 (1993), the Ohio Supreme Court set forth the elements of a spoliation of evidence claim: "(1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts . . . ."

{¶ 19} Upon review of Buyers' amended complaint, we find that Buyers alleged the following regarding spoliation of evidence: As to the first and second

elements, Buyers alleged that they sent, and Builder received, notification of potential litigation in March 2022. A copy of this written notice is attached to the amended complaint.

{¶ 20} As to the third element, Buyers alleged that Builder "intentionally destroyed emails [and text messages] in order to disrupt any potential case brought by" Buyers. Buyers further alleged that Builder "did not provide any emails or text messages from the time period in question, citing a mysterious policy calling for the deletion of all text messages and emails, company-wide, after a single year." A copy of a two-page document titled "LE014 Physical, Electronic, and Email Document Retention Policy and Litigation Hold Procedures (revised December 2020)" is attached to the amended complaint. Buyers also alleged that this document, which does not refer to the name of Builder or contain any information about the entity to which this policy applies, was not produced by Builder at all in the Lorain County case and was only provided to Buyers on March 14, 2025.

{¶ 21} As to the fourth element, Buyers alleged that their "case was disrupted by the destruction of evidence" because the arbitrator concluded Buyers failed to show "knowledge of falsity and intent to mislead," which are required elements of the four unsuccessful claims they alleged. Buyers also contend that these missing elements could only be shown by the internal communication evidence that Builder allegedly destroyed.

{¶ 22} As to the fifth element, Buyers alleged that they were damaged by Builder's spoliation of evidence in that they received "an inadequate damages award" and had to pay Builder's attorney fees.

{¶ 23} Upon review, we find that Buyer's claim for spoliation of evidence complies with Civ.R. 8(A) in that it contains "a short and plain statement showing that [Buyers are] entitled to relief" and a demand for judgment. Furthermore, accepting all factual allegations as true, as we must under Civ.R. 12(B)(6), Buyers have asserted a claim for spoliation of evidence that cannot be resolved by a Civ.R. 12(B)(6) motion to dismiss.

{¶ 24} Accordingly, the trial court erred by granting Builder's motion to dismiss and Buyers' first and second assignments of error are sustained.

## B. Attorney Fees Under R.C. 2323.51

{¶ 25} In Buyers' third assignment of error, they argue that the court erred when it awarded Builder attorney fees based on a finding that Buyers' conduct was frivolous for bringing the spoliation claim. In its September 12, 2025 journal entry granting Builder's motion for sanctions and attorney fees, the court found that Buyers' conduct was frivolous and sanctionable because their spoliation claim was "previously addressed by the Lorain Court of Common Pleas and the American Arbitration Association . . . ." As stated earlier in this opinion, this is not true. The Lorain County case did not include a claim for spoliation of evidence as noted in the arbitration award. Because we found that the court erred by dismissing this case, we also find that Buyers were not frivolous by filing this case as they did not, as a

matter of law, previously bring a spoliation claim against Builder.  Therefore, the court erred by awarding Builder attorney fees for Buyers bringing this case.

{¶ 26} Accordingly, Buyers' third assignment of error is sustained.

{¶ 27} Judgment reversed and case remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellants recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, A.J., and
ANITA LASTER MAYS, J., CONCUR